EDGAR POPPLETON, Respondent, v. YAMHILL COUNTY, Appellant.

ASSESSMENTS—WRIT OF REVIEW TO CORRECT.—A writ of review may be prosecuted to review the orders made by the board of equalization of a county correcting the assessment of an individual taxpayer.

IDEM—BOARD OF EQUALIZATION—INCREASING ASSESSMENTS.—Said board of equalization has power to raise the assessment of a taxpayer, by adding to his assessment property owned by him, which was not found or included in his assessment by the assessor.

IDEM—FRAUDULENT LOANS TO AVOID TAXATION.—If a taxpayer, having a large amount of notes and mortgages, in order to escape the payment of taxes on the same, borrows a sum of money of a person residing out of the county, and deposits with his creditor such notes and mortgages, for the purpose of avoiding the payment of taxes on the same, such notes are taxable in the county where such taxpayer resides; and such deposit on transfer is a fraud on the revenue of the county. And it is competent for the board of equalization to try this question of fraud.

PRACTICE—WRIT OF REVIEW, QUESTIONS OF FACT NOT TRIED ON.—In trying questions raised in cases of review, this court will not try questions of fact which were passed on by the inferior court, unless such findings are manifestly wrong.

22

NOTES AND MORTGAGES TAXABLE.—Notes and mortgages are property which is subject to taxation.

APPEAL from Yamhill County.

The board of equalization of taxes for Yamhill county, at its September term, 1879, caused a notice to be served upon Edgar Poppleton, the respondent, in accordance with sections 38 and 39 of chapter 57, Miscellaneous Laws, requiring him to appear before said board, and show cause, if any he had, why certain notes and mortgages described in said notice, should not be assessed to him. On the day specified in said notice, Poppleton appeared before the board, and filed assignments of the notes and mortgages in question, which he had made in favor of De Lashmutt and Oatman, of Portland, and made oath as to the good faith of such assignments. The notes and mortgages aggregated twelve thousand two hundred and nine dollars and twenty-five cents. It was claimed in behalf of Poppleton that he had assigned this property to secure an indebtedness to De Lashmutt and Oatman for one thousand dollars. Upon the hearing, the board found that the assignment did not pass the assessable interest of Poppleton to De Lashmutt and Oatman, and it, therefore, increased his assessment by the sum of twelve thousand two hundred and nine dollars and twenty-five cents. The case was then taken before the circuit court on a writ of review, and the order and decision of the board of equalization was reversed, and it is from this decision of the circuit court that this appeal is taken.

*E. C. Bradshaw, H. & A. M. Hurley,* for appellant.

*W. D. Fenton, James McCain,* for respondent.

By the Court, BOISE, J.:

It is claimed by the appellants that this proceeding should have been dismissed in the circuit court, for the reason that no writ of review will lie from a decision of a board of equalization correcting the assessment of the property of a taxpayer. This question was before this court in the case of

*E. W. Rhea, appellant,* v. *Umatilla County,* 2 Oregon, 298. In that case it was held that such board was a tribunal whose decisions are subject to be reviewed, and we think that decision correct.

It is claimed by the respondents that the board were not authorized by the statute, p. 756, sec. 38, to assess the notes in question, for the reason that their authority only extends to making corrections as to property already assessed by the assessor, and not to property which the assessor has failed to find. This question must be determined by the construction of section 38, which is as follows: "If it shall appear to such board of equalization that there are any lands or other property assessed twice, or in the name of a person or persons not the owner thereof, or assessed under or beyond its actual value, *or any lands, lots, or other property not assessed,* said board should make the proper corrections." The property in question was property *not assessed,* and we think is embraced in this section in terms, and that it was a proper subject for consideration and adjustment by the board.

We come now to consider the only important question in the case, which is, Was the board warranted, from the evidence before them, in finding that the property was the property of Poppleton, and subject to assessment in Yamhill county? That the property in the notes was in Poppleton is not questioned, but it is claimed that by the evidence it appeared that they were pledged to De Lashmutt and Oatman to secure the one thousand dollar note given by Poppleton to them. If they were so pledged, in good faith, to secure the payment of this note, then they were not taxable in Yamhill county, but were taxable in Multnomah, under section 15, p. 757 of the statute. But if, in order to avoid the payment of taxes in Yamhill county, Poppleton borrowed one thousand dollars of De Lashmutt and Oatman, and assigned or delivered these notes to them for the purpose of avoiding such taxes, then the transaction was in bad faith and a fraud on the revenue of Yamhill county, and the question of the interest of the respondent in this transaction was a question of fact, which the board was

necessarily called on to try from the evidence. We think the evidence sufficient to show the transfer of the notes into the possession of De Lashmutt and Oakman, and the finding of the board seems to indicate that such was their view of this fact. But they found that Poppleton was the owner of an assessable interest in these notes, and that the assignment did not pass the assessable interest in said notes. To have found this they must have found from the evidence that these notes were transferred by Poppleton to avoid the payment of taxes on them to said county, which would have been a fraud on the revenue of the county, and void as to the county, and could not affect the right of the county to have the property taxed. The board have not set out in their findings the facts found which enabled them to arrive at the conclusion that the transfer was to avoid the taxes, and the respondent claims that there was no evidence to support such a conclusion, and that the finding is not warranted.

We think there was some evidence to support such a conclusion: 1. The security was greatly disproportioned to the amount of money borrowed, which may have been taken as a circumstance by the board. To illustrate, suppose a person who is involved, and on the eve of insolvency, sells property worth twenty thousand dollars to his son for one thousand dollars. In a suit by the creditors to set aside such a sale, it would be competent for a court to consider the inadequacy of the consideration, as evidence tending to show that the sale between the father and son was for the purpose of securing the property from payment of his debts.

2. The evidence shows that Poppleton continued to loan money in large sums, after the giving of this note of a thousand dollars, and shows that he was in circumstances to pay this note, which shows that it was not necessity which compelled him to deposit this large amount of notes as security for a thousand dollars. This tends to show that so large a deposit was not necessary to secure this loan.

3. The evidence shows that one of the large notes deposited by him as collateral, that is, the note of L. A. Smith

et al., for two thousand two hundred dollars, was taken by him from the bank and eight hundred dollars collected on it. This is evidence tending to show that he had control of these notes, and from these facts the board may have come to the conclusion that the transfer to De Lashmutt & Oatman was not in good faith, and to avoid the payment of taxes on this large amount of property. And as, in a case of this kind, it is the duty of this court to respect the findings of inferior tribunals, as to matters of fact passed on by them, when they have the opportunity of seeing the witnesses and better means of determining the surroundings of the parties than this court can have, we think, as a rule, it is better to not disturb such findings of fact on a writ of review, which is properly a proceeding to try questions of errors of law which appear on the record; and as it is apparent that this question, as to whether or not this transfer was made to avoid the payment of taxes, was considered and passed on by the board, we think that finding is binding on us in this proceeding.

It is further claimed by the respondent that notes and mortgages, being only evidences of indebtedness, are not property subject to taxation, and refer to article nine, section one, of the constitution of the state. This section provides: " The legislative assembly shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal." Choses in action are a species of personal property, and in order to judge correctly whether or not the convention that framed our constitution intended to include notes as property to be taxed when they used the words "personal property," in the section just referred to, we may profitably examine the laws of the territory at the time the constitution was framed and promulgated. Section 3 of chapter 1 of the laws of the territory, then in force, defines personal property, subject to taxation, as " all household furniture, goods, chattels, moneys, and gold dust on hand or on deposit, etc.; and all debts due or to become due from solvent debtors, whether on account, contract, note, mort-

gage, or otherwise," etc. Now this law was not only in force at the adoption of the constitution, but by the schedule, article eighteen of the constitution, it was declared to be the law in force under the constitution, and was in force and administered for years after the state government was inaugurated. We think, therefore, that the convention did intend that notes and mortgages should be regarded as personal property, and subject to assessment for taxes.

We think in this case the judgment of the circuit court should be reversed, and that the order of the board of equalization of Yamhill county be affirmed.