# HORTON, COUNTY TREASURER AND COLLECTOR OF TAXES, v. DRISKELL.

PRACTICE—NON-SUIT—FAILURE TO ANSWER INTERROGATORIES ATTACHED TO PLEADING—APPEAL AND ERROR—PLEADING—ELECTION BETWEEN DEFENSES—PREJUDICIAL ERROR—PRESUMPTIONS—TAXATION—INJUNCTION—FAILURE OF ASSESSOR TO ATTACH OATH TO ASSESSMENT ROLL—BOARD OF EQUALIZATION, POWER TO ADD TO ROLL—PRESENTING COMPLAINT TO BOARD—AMENDED PETITION.

1. Whether a plaintiff shall be non-suited for failure to answer interrogatories attached to defendant's answer is within the sound discretion of the court.

2. The record not disclosing the facts or circumstances by which the court was guided, the refusal to non-suit a plaintiff for failing to answer interrogatories attached to defendant's answer cannot be held to have been an abuse of discretion.

3. Plaintiff seeking to enjoin the collection of taxes assessed upon cattle upon the ground that he had paid taxes on all his cattle in another county where their home range was situated, and where they were only taxable, defendant, after a general denial, interposed as separate defenses, first, that the home range was in both counties, and the cattle assessed were kept, ranged and herded in the county where the assessment complained of was made, and that taxes were not paid upon them in the other county, and, second, that the cattle assessed were brought into the assessing county by the plaintiff after the regular annual assessment, and, not having been listed by him or assessed by the assessor, were added to the assessment roll by the County Board of Equalization, pursuant to statute. *Held,* that the court erred in requiring the defendant to elect between such defenses, since he had the right to so plead the facts as to cover whatever state of circumstances might be developed by the evidence, and the ruling, in effect, erroneously struck out one of the defenses. *Held, further,* that the defenses were not inconsistent, even if that would justify the court in requiring an election between them.

4. Where the evidence is not brought into the record, error in requiring the defendant to elect between two separate defenses cannot be held to have been harmless by presuming that the defendant had no evidence to support the allega-

tions of the defense which was, in effect, stricken out by the erroneous ruling.

5. The collection of taxes will not be enjoined on account of the mere failure of the taxing officers to fulfill the requirements of the statute in the levy and assessment, but, to authorize such remedy, it must appear that the tax itself is inequitable for the reason that the property was not taxable, or not the property of the complainant, or the like.

6. When a complainant seeks by a proceeding in equity to prevent the collection of a tax against his property, he should show by his complaint that the property is not legally or equitably chargeable therewith.

7. The failure of the assessor to attach the statutory oath to the assessment roll is not in itself sufficient ground for an injunction to restrain the collection of a tax.

8. Under the statute providing that the illegal levy or collection of taxes may be enjoined (R. S. 1899, Sec. 4172), the remedy by injunction is not authorized unless the complainant shows himself entitled thereto upon equitable principles, though by reason of the statute he is not required to show a threatened irreparable injury, or the absence of a legal remedy.

9. The County Board of Equalization has power to add to the assessment roll any taxable property in their county omitted therefrom, though no property was assessed to the owner by the assessor, and his name was not upon the assessment roll until entered thereon by the board.

10. A party seeking to enjoin the collection of a tax upon the ground that he had no property in the county subject to taxation need not allege or prove that he had first applied to the County Board of Equalization to correct the assessment complained of, for, if he had no property subject to taxation in the county, it would not be a case of mere overassessment, but the tax would be illegal, and the defect jurisdictional.

11. There was not an abuse of discretion in permitting the filing of an amended petition after the evidence was all in.

12. The case remanded for new trial upon reversal of the judgment, where the issues presented by the pleadings were not covered by the findings, and the evidence was not brought into the bill of exceptions.

[Decided June 27, 1904.]                    (77 Pac., 354.)

ERROR to the District Court, Weston County, HON. JOSEPH L. STOTTS, Judge.

J. W. Driskell brought suit against Fred Horton, as County Treasurer and Collector of Taxes of Weston County, to enjoin the collection of a tax levied in said county for the year 1901 against the plaintiff upon cattle. From a judgment in favor of plaintiff defendant brought error. The facts are stated in the opinion.

*D. A. Fakler* and *E. E. Enterline*, for plaintiff in error.

The court erred in denying the motion of the defendant below, plaintiff in error here, to non-suit the plaintiff for failure to answer the interrogatories attached to the defendant's answer. The interrogatories were properly propounded and were neither demurred to nor answered, and the motion for non-suit was timely interposed. (R. S. 1899, Secs. 3573-3575.)

It was error to require the defendant to elect upon which of the defenses contained in his answer he would proceed to trial. Defendant had a right to set up several defenses, even though they might be construed as inconsistent with each other. (R. S. 1899, Sec. 3544; Ry. Co. v. Warren, 3 Wyo., 134.) The defendant was by the erroneous ruling compelled to abandon his third defense, which sought to show the assessment of plaintiff's property under Sections 1798-1799, 1804-1816, R. S. 1899.

The allegation in plaintiff's reply to the effect that the entire assessment in the county was void was a departure from the matter set up in the petition, and should have been stricken out; the petition not alleging anything except that the cattle of plaintiff were erroneously assessed in Weston County.

The case having been presented and tried upon the theory that the home range of the cattle of plaintiff was in the County of Crook, and that his cattle were only taxable in that county, it was error to permit the filing of an amended petition basing the right to relief upon the alleged fact that the assessor had failed to verify the assessment roll. Thereby a new cause of action was substituted, and no finding

whatever was made upon the issue presented by the original petition, but the case was determined principally upon the failure of the assessor to comply with the statute. (1 Ency. Pl. & Pr., 472, 473.)

The failure of the assessor to verify the assessment roll is not sufficient in itself to authorize equitable relief. (Fifield v. Marinette Co., 62 Wis., 532; Wood v. Helmer, 10 Neb., 165; Boeck v. Merriam, id., 199; Hunt v. Easterday, id., 165; Southard v. Darrington, id., 19; Challis v. Commrs., 15 Kan., 49; McNish v. Perrine, 14 Neb., 582; S. P. L. Co. v. Crete, 11 id., 342; Ry. Co. v. Lincoln Co., 62 Wis., 478; Lyman v. Anderson, 9 Neb., 367.)

Having failed to complain before the board, injunction will not be awarded. (R. S. 1899, Sec. 1788; Board v. Searight, 3 Wyo., 777.) The Board of Equalization was empowered to add the cattle of plaintiff to the assessment roll at its first meeting, the same having been neither listed by the owner nor assessed by the assessor. (R. S. 1899, 1785.) The petition does not state sufficient facts to entitle the plaintiff to any equitable relief. (10 Ency. Pl. & Pr., 925-932; 21 id., 925; Ins. Co. v. Boner, 24 Colo., 220; Tel. Co. v. Chamber (S. D.), 91 N. W., 78.)

*Nichols & Adams,* for defendant in error.

Plaintiff below was entitled to judgment upon the pleadings for the reason that no answer was filed to the amended petition, nor any motion made to strike it from the files. The County Board of Equalization has no authority to make an original assessment of property as was done in the case at bar. (R. S. 1899, Sec. 1858.) The home range of plaintiff was in Crook County, and his cattle was not taxable in Weston County. (Standard Cattle Co. v. Baird, 8 Wyo., 144.) The fact that cattle are mortgaged as ranging in two counties is no basis for assessment. It is no criterion upon which any official would be justified in assuming the number of cattle, and fixing the value thereof for taxation in his county, and evidence of such mortgage would be

wholly immaterial. The plaintiff below never paid taxes in Weston County, and had no lands or improvements therein.

The court did not err in refusing to non-suit the plaintiff for failure to answer interrogatories, since the matter is entirely within the court's discretion. (44 O. St., 610; 4 O. C. C. Rep., 307.) The error, if any, was waived when the defendant undertook to supply the evidence sought to be obtained by the interrogatories. (Ry. Co. v. Henderson, 13 Pac., 910.) The discretion was not abused. (Richardson v. Coal Co., 32 Pac., 1012; Wells v. Snow, 41 Pac., 858; Ins. Co. v. Fisher, 44 Pac., 154; Harriman v. Ins. Co., 5 N. W., 12.) The answer sought to introduce new parties, and, asking affirmative relief, should be made as certain and definite as the petition, and be governed by the same rules of pleading. (Roundtree v. Brinson, 98 N. C., 107; Walker v. Larkin, 127 Ind., 100.) Pleading facts in the alternative is bad. (Ry. Co. v. Dusenbury, 94 Ala., 214; Wheeler v. Thayer, 121 Ind., 64; White v. Camp, 1 Fla., 109.) Two affirmative defenses may be joined only when the proof of one does not disprove the other, and when the remedy will be the same. The right to allow amendments in furtherance of justice is clearly given by the statute. (R. S., Sec. 3588; Redman v. Ry. Co., 3 Wyo., 678.)

If the assessment and levy was erroneous and unjust, as alleged in the petition, then it was illegal and unlawful, and the statute provides for the remedy by injunction. (R. S., Secs. 4172, 1803.) Tax proceedings are to be strictly construed and their validity must be affirmatively shown by the parties claiming under them. (Hecht v. Boughton, 3 Wyo., 385; Meyers v. Shields, 61 Fed., 713; Ry. Co. v. Carpenter, 27 Ia., 47.) The plaintiff was, therefore, clearly entitled to the injunction under either the original or amended petition; and as the court found generally for the plaintiff, it must be assumed that it found the home range of the cattle to be in Crook County, as alleged in the petition. The failure of the assessor to attach the statutory

oath to the assessment roll rendered the assessment incomplete and invalid. (R. S. 1899, Sec. 1167; Marsh v. Supervisors, 42 Wis., 502; Hecht v. Boughton, *supra;* Cooley on Taxation, 289; Warner v. Grand Haven, 30 Mich., 24; Shelby v. Smith, 2 id., 486; Lacey v. Davis, 4 id., 140; Colby v. Russell, 3 Greene, 227; Foxcraft v. Nevins, 4 Ida., 72; Kelly v. Craig, 5 Ired., 129; Johnson v. Ellwood, 53 N. Y., 431; Van Rensselear v. Whitebeck, 7 N. Y., 517.) Where it is alleged that the complainant had no property subject to taxation, and that the tax was erroneous, illegal and unjust, then no tender was necessary, since no amount could be due, and, under plaintiff's allegations in the case at bar, he could rely upon the invalidity of the assessment for the neglect of the assessor aforesaid, which rendered the entire tax proceedings void. (Lamb v. Farrall, 21 Fed., 5; Griggs v. St. Croix, 20 id., 341; Reed v. Chandler, 32 Vt., 285; Rowe v. Hulett, 50 Vt., 667; Turnbridge v. Smith, 48 Vt., 648; Walker v. Burlington, 56 Vt., 131; State v. Schooley, 84 Mo., 447; Plummer v. Marathon Co., 50 N. W., 416; Tierney v. Land Co., 47 Wis., 248; Marshall v. Benson, 48 id., 565; Schriber v. Kaehler, 49 id., 291; Power v. Kendschi, 58 id., 539; Morrell v. Taylor, 6 Neb., 236; Dickinson v. Reynolds, 48 Mich., 158; Bode v. Inv. Co., 6 Dak., 499 (42 N. W., 658.) The form of certificate when set forth in the statute must be strictly followed by the officer. (Westbrook v. Miller, 64 Mich., 129; Gilchrist v. Dean, 55 id., 244; Clark v. Crane, 5 id., 151; Black on Taxation, Sec. 199.) A property owner is not required to make complaint before the taxing board where the situs of the property is not within the board's jurisdiction. (Sioux City Bridge v. Dakota County (Neb.), 84 N. W., 607; Cooley on Taxation (1st Ed.), 528; Hutchinson v. Omaha, 72 N. W., 218; Const., Art. 14, Sec. 13; R. S. 1899, Secs. 1803, 4172.)

The board was without authority to make an original assessment. (Coal Co. v. Emler (Kan.), 24 Pac., 340; State v. Ernst (Nev.), 65 Pac., 7; Paul v. Ry. Co., 4

Dill., 35; Ry. Co. v. Cass County, 53 Mo., 17; Lowell v. Commrs., 146 Mass., 403; Black on Taxation, Sec. 133; Cattle Co. v. Board, 45 Fed., 323; Pavy v. Turnpike, 42 Ind., 400; Ry. Co. v. Donnellan, 2 Wyo., 478; R. S. 1899, Sec. 1858.)

CORN, CHIEF JUSTICE.

This was a suit to enjoin the collection, by the County of Weston, of taxes upon 1,500 head of range cattle. A temporary injunction was allowed and upon the hearing the court found in favor of the plaintiff and rendered judgment making the injunction perpetual. The plaintiff (defendant in error here) alleged in his petition that he paid taxes upon all his cattle in Crook County, where his home range was located, and that he had no cattle in Weston except such as had drifted there off their home range and were not subject to taxation in the latter county. The defendant, after a general denial, answered that the home range of plaintiff was in both Crook and Weston; that the 1,500 head in question were ranging, kept, herded and located in Weston, and plaintiff did not pay taxes upon them in Crook; that he did not list them to the assessor of Weston and the latter failed to assess them, but they were added to the assessment roll by the Board of Equalization.

A third defense set out, in substance, that the 1,500 head, upon which the tax in controversy was levied, were brought into the County of Weston by defendant in error after the regular annual assessment, and, not having been listed by him or assessed by the assessor, were added to the assessment roll by the Board of Equalization, the claim of plaintiff in error being that they were subject to taxation under Sections 1798 and 1799, Revised Statutes. Plaintiff in error also annexed to his answer a list of interrogatories which he prayed that the plaintiff be required to answer.

The defendant presented a motion that the plaintiff be non-suited in the action because of his failure to answer the interrogatories annexed to the answer of the defendant,

which motion the court denied. This ruling is assigned as error.

The statute (Sec. 3575) provides that "answers to interrogatories may be enforced by non-suit, judgment by default or by attachment, as the justice of the case may require." There is nothing in the statute which requires that a plaintiff be non-suited for a failure to answer interrogatories, but the provision is that they may be enforced by non-suit or otherwise, "as the justice of the case may require." This commits the matter to the sound discretion of the court. The record in no way discloses by what facts or circumstances the court was guided in the exercise of its discretion, and we are, therefore, unable to say that it was abused. (Longstreth v. Halsey, 4 C. C. (Ohio), 307; Newburg v. Weare, 44 O. St., 604; Railway Co. v. Construction Co., 49 O. St., 681.)

Upon the motion of the plaintiff, the court required the defendant, over his objection, to elect whether he would rely upon the first and second defenses, or upon the first and third defenses, stated in his answer. The defendant thereupon elected to rely upon his first and second defenses. This ruling is also assigned as error.

Upon what principle the defendant was required to elect is not very clear. The defenses were not inconsistent even if that would justify the court in requiring an election between them. It might be that the plaintiff had that number of cattle ranging in the county on April 1st, and also that he brought into the county an equal number after that date and prior to the assessment by the Board of Equalization in June. Or it might well be that a portion of the number assessed were in the county and subject to taxation at the time of the annual assessment on April 1st, and that the remainder were brought in and became taxable subsequent to that date and prior to the assessment. In either case he had the right to plead the facts, and he had the right to so plead them as to cover whatever state of circumstances might be developed by the evidence. The

ruling, in effect, struck out the third defense and deprived the defendant of that right, and we think it was clearly erroneous. As the evidence is not brought up in the bill of exceptions, we are unable to determine how far it operated to the prejudice of the defendant, but we are not at liberty to presume that he had no evidence to support the allegations.

But, at the conclusion of the hearing, the court found, as conclusions of fact, that the plaintiff, on and after the 1st of April, had some cattle ranging in Weston County; that they were not listed for taxation by him nor assessed by the assessor; that the assessor returned an assessment roll, but entirely failed to attach to it the oath required by statute, and the Board of Equalization added the cattle in question to such roll.

The court further found as conclusions of law, first, that the failure of the assessor to attach the statutory oath rendered the assessment roll and the levy of taxes thereunder wholly invalid; second, that the assessment made by the Board of Equalization was invalid for the reason that no property whatever was assessed by the assessor against the plaintiff, and, third, that the plaintiff was entitled to a perpetual injunction as prayed. There was no finding whether the property in question was subject to taxation in Weston County, and the effect of the decision of the court, as we understand it, is that the remedy by injunction is available, upon a failure of the assessing officers to comply with the requirements of the statute, without regard to the question whether the property was legally subject to taxation in the particular jurisdiction or not. We do not understand this to be the law.

It is true that where it is sought to sustain tax titles or sales for taxes, it is generally held that the requirements of the statute must be substantially complied with, and not only the sale, but the levy and assessment, must be made in the manner required; and when the oath of the assessor is required to be attached to the assessment roll and the as-

sessor fails in this duty, the omission renders the assessment roll void as a basis for the proceedings of sale and invalidates the sale. But when equitable relief is sought, the maxim is applied that he who seeks equity must do equity, and an injunction will not be allowed on account of the mere failure of the taxing officers to fulfill the requirements of the statute in the levy and assessment, but it must appear that the tax itself is inequitable, for the reason that the property was not taxable or that it was not the property of the complainant, or the like.

The Supreme Court of Illinois early laid down the rule that it is only in extraordinary cases that the writ of injunction is properly invoked, and that the exceptions are confined almost, if not entirely, to cases where the tax itself is not authorized by law, or if the tax itself is authorized, it is assessed upon property which is not subject to the tax. (C. B. & Q. R. R. Co. v. Frary, 22 Ill., 37.)

The doctrine announced by the Wisconsin court is that a court of equity will not interfere to declare a tax invalid and restrain its collection, unless the objections to the proceeding are such as to go to the very groundwork of the tax and necessarily affect materially its principle and show that it must necessarily be unjust and unequal; that it is not enough to show that the tax proceedings are irregular or void,·but it must also appear that they are *incquitable,* and that it will be against conscience to let them go on. (Hixon v. Oneida County, 82 Wis., 531.) When a taxpayer undertakes to stop the officers of the law from collecting a tax charged against his property by a proceeding in equity, he should be required to demonstrate by his complaint that his property is not legally or equitably chargeable therewith. (Kaihter v. Dobberpuhl, 56 Wis., 486; Hayes v. Douglas County, 92 Wis., 444.) In Fifield v. Marinette County, 62 Wis., 534, it was urged that the allegation that the assessment roll was not verified by the assessor was equivalent to an allegation that the taxes levied upon plaintiff's lands were not only illegal, but

unequal and unjust, and that a court of equity should, therefore, restrain their collection. But the court say: "It may be admitted that the allegation mentioned is equivalent to an allegation that the taxes levied and extended upon such an assessment are illegal in the sense that no valid title could be made under the tax proceedings by a sale of the plaintiff's lands for the non-payment of such taxes, if such sale was attacked in proper time by an action at law; but, certainly, such allegation does not demonstrate that the taxes extended upon such assessment are unequal, inequitable or unjust."

The Kansas court say that it is well settled in that state that injunction cannot be maintained to restrain the collection of taxes, which the plaintiff justly ought to pay, because of errors or irregularities in the proceedings of the taxing officers (Life Association v. Hill, 51 Kan., 644); that it can only be maintained for the purpose of restraining an illegal tax, no matter what the irregularity in the mode of assessment may have been. (Dutton v. Nat. Bank, 53 Kan., 462.) When the defect does not impeach the justice of the tax, equity will not interfere. (Dill. Mun. Corp., 924; Miller v. Volmer, 153 Ind., 30; Reynolds v. Bown, 138 Ind., 444.)

The fact that our statute (Sec. 4172) provides for the remedy by injunction to restrain the illegal levy or collection of taxes does not affect the principle involved. The section is copied from the Ohio statute and, as explained by the Supreme Court of that state, "the jurisdiction thus conferred is an equitable jurisdiction, and is to be exercised upon equitable principles. Proceeding under the statute, the party complaining is not required to show a case of threatened irreparable injury, or the absence of a remedy by ordinary legal proceedings; but he must exhibit a case in which, upon the merits, he is entitled to the equitable relief demanded." (Steese v. Oviatt, 24 O. St., 253; Stephen v. Daniels, 27 O. St., 536; Tone v. Columbus, 39 O. St., 302.)

The findings in this case are special and the court does not find that the property was not subject to taxation in Weston County, or that the tax was for any reason unequal, unjust or inequitable. There is no finding that the tax is illegal except in the sense that the assessment is held to be void, or at least so irregular that it is insufficient to support a valid levy. And, as we have pointed out, this kind of illegality will not support an application for equitable relief. We are, therefore, of the opinion that the assignment by plaintiff in error, that the judgment of the court decreeing an injunction is not supported by the findings, must be sustained.

Counsel for plaintiff in error contend, as we understand, that the County Board of Equalization has no power or authority to add omitted taxable property to the assessment roll and assess its value, and the case of Union Pacific R. Co. v. Donnellan, 2 Wyo., 459, is cited as authority. That was a suit to enjoin an alleged district school tax, and the court found that the clerk of the district did not, as required by law, file with the County Clerk any certificate, or notify the County Assessor, of any amount voted by the district; that the assessor did not make, or attempt to make, any assessment of the property of the district and did not return any separate assessment roll of the district or make any attempt to do so, and that it did not even appear that any sum of money was voted by the district; that the board did not pretend to add to the complainant's tax list any taxable property, not included in the assessment, but undertook to make an original assessment of the district and blend it with the general county tax, the County Clerk making the assessment from his own general personal knowledge, and not from a separate assessment roll returned by the assessor. The court held that, under these facts, there was no assessment at all, and that the acts of the County Commissioners and County Clerk were of no validity whatever. The purport of the decision, therefore, seems to have been that the sum claimed was not a tax at all, but a mere pretended tax, and the case is not authority

for the proposition that the board is not authorized to assess property as was done in the case before us. Whether the board would have power to make an assessment of the property of the county in the absence of any assessment roll returned by the assessor, we need not consider, as, in this case, they had before them an assessment roll regular in all respects except that it was not verified as required by law.

If it is the claim of counsel that the board had no such authority, for the reason that the plaintiff was not assessed for any property by the assessor, and his name did not appear at all upon the assessment roll until entered thereon by the board, it is sufficient to say that there is no warrant or basis for such claim in the language of the statute. It expressly provides that "said board shall at its first meeting add to said assessment roll any taxable property in their county not included in the assessment as returned by the assessor and assess the value thereof." This confers full authority. The other authorities cited are from states where the statutes do not confer such authority and are not applicable here. Being purely statutory boards, they have only such powers as the statutes confer. In some of the states the boards are held to have this authority under statutes less plain and explicit than ours. (Parker v. Van Steenburg, 68 Ia., 176; Robb v. Robinson, 66 Id., 500; King v. Parker, 73 Id., 757; Poppleton v. Yamhill Co., 8 Ore., 337.)

It was not necessary for the plaintiff to allege or prove that he had first made application to the board to correct the assessment, for, if he had no property in the county subject to taxation, it was not a mere over-assessment, but the tax was illegal and the defect was jurisdictional. (Board v. Searight Cattle Co., 3 Wyo., 784; Cooley on Taxation (3d Ed.), 1382; Barber v. Farr, 54 Ia., 58; Illinois Central R. R. Co. v. Hodges, 113 Ill., 323.)

We do not find that the court abused its discretion in permitting the filing of an amended petition after the evidence was all in.

The judgment will be reversed and, the issues presented by the pleadings not being covered by the findings, the case will be remanded for a new trial in accordance with the views expressed in this opinion.

KNIGHT, J., and POTTER, J., concur.