## BREWER v. KULIEN, ET AL.
(No. 1629; Dec. 30, 1930; 294 Pac. 777)

For the appellant there was a brief by *Ernest J. Goppert* and *Thomas M. McKinney,* of Basin, and oral argument by *Mr. Goppert.*

316

For the respondents there was a brief by *C. A. Zaring,* of Basin, *J. Byron McHale,* of Greybull, and *Edward H. Ellis,* of Boulder, Colo., and oral arguments by *Mr. Zaring* and *Mr. McHale.*

*Ernest J. Goppert* and *Thomas M. McKinney,* in reply.

KIMBALL, Justice.

This is an action for the recovery of real property. The plaintiff claimed ownership and right to possession under a tax title. The property had been bid in by the county at a tax sale in 1925 for taxes for 1924, and sold and deeded

by the county to plaintiff in 1927. The defendants admitted their possession and denied plaintiff's title. The case was tried without a jury, and the court, on request under Section 5784, C. S. 1920, stated the conclusions of fact separately from the conclusions of law. The court held that, because of several irregularities and omissions in the tax proceedings, the plaintiff had acquired no title to the property, and the judgment was for the defendants. The plaintiff appeals.

One of the findings of fact is that the county assessor failed to attach to the combined assessment roll and tax list the oath required by Section 1515, C. S. 1920. This section makes it the duty of the assessor to subscribe and make an oath which shall be attached to the completed assessment roll. The statute sets forth the form of the oath which in substance is to the effect that the assessor or his deputies has demanded of each property owner the list or schedule required by law; that the lists have been received and carefully examined, the listed property viewed, and the lists revised and corrected where necessary; that the listed property has been valued as near as possible at its actual and full cash market value as required by law; that in no case has the assessor or his deputies knowingly omitted to demand a statement of the description and value of taxable property; that the assessor has not knowingly omitted to perform any duty required of him by law, and has not in any way connived at any evasion or violation of any of the requirements of law in relation to the list and valuation of property.

It is conceded that the court's findings that this statutory oath was not attached to the roll is sustained by the evidence. Not only was it not attached to the roll, but, so far as the evidence discloses, neither it nor any similar oath was ever made or subscribed by the assessor.

Where an oath of this kind is required by the tax laws, it is held to be for the purpose of safeguarding the interests of the taxpayers. Lynan v. Anderson, 9 Neb. 367, 2 N. W.

732; Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188. In Horton v. Driskell, 13 Wyo. 66, 77 Pac. 354, 3 Ann. Cas. 561, it was held that the failure of the assessor to attach the statutory oath to the assessment roll is not in itself sufficient ground for restraining the collection of the tax. In the course of the discussion it was said (p. 74 of 13 Wyo., 77 Pac. 354, 355):

"It is true that where it is sought to sustain tax titles or sales for taxes, it is generally held that the requirements of the statute must be substantially complied with, and not only the sale, but the levy and assessment must be made in the manner required; and when the oath of the assessor is required to be attached to the assessment roll and the assessor fails in this duty, the omission renders the assessment roll void as a basis for the proceedings of sale and invalidates the sale."

The quoted language was not necessary to the decision of the question at issue in that case, but we believe it correctly states the applicable rule in this case where the point for decision is whether the plaintiff owns the property by virtue of the tax sale. The rule, confined in its operation to those cases "where it is sought to sustain tax titles or sales for taxes," has the almost unanimous support of the decisions under similar statutes. See Cooley on Taxation (4th Ed.) § 1172, and many cases there cited. This section of Cooley contains the statement that "in some states the omission to verify the roll is regarded as a mere irregularity which does not invalidate the assessment." The cases cited in the note to this statement of the text, and other cases on which plaintiff relies, are distinguishable. In those in which tax titles were sustained, the rights of the parties were affected by constitutional or statutory provisions not found in our laws. In others, the question for decision was the right of the taxed property owner to an injunction as in Horton v. Driskell, or the right of the tax sale purchaser to reimbursement under local statutes or principles of equity.

As the omission of the assessor's oath invalidated the tax sale, we need not consider the propriety or effect of findings of fact that relate to other defects in the tax proceedings.

As we have said, the action is for the recovery of real property, the statutory substitute for ejectment. The petition was filed June 9, 1928, the answer June 11, 1928. On May 17, 1929, twelve days before the day of trial, the plaintiff, without consent of defendants or leave of court, filed an amended petition containing two causes of action, one for the recovery of the property and the other claiming a lien for the amount of taxes paid and asking foreclosure. The amended petition was struck from the files or disregarded by the court on defendant's motion. The court in ruling said, ''I shall disallow this amended petition, and just try the case on the question of the validity of the tax deed.'' This ruling is assigned as error, but no authorities are cited. It seems from the statute that the plaintiff after answer could claim no right to amend her petition without leave. C. S. § 5704.

Authorities cited by plaintiff hold that, though the tax sale be void, the owner of the taxed property will not be granted any affirmative relief either by quieting his title or removing the cloud created by the tax deed or cancelling the deed, unless he pay what is justly and equitably due to the holder of the tax deed on account of taxes paid by him. See Holland v. Hotchkiss, 162 Cal. 366, 123 Pac. 258, L. R. A. 1915 C, 492, and authorities there cited.

In the case at bar the defendants' answer alleges that plaintiff's deed is void and of no force and effect, ''and that the same should be cancelled and set aside;'' that the deed ''was and is a cloud upon defendants' title;'' that defendants' title ''should be quieted,'' and plaintiff ''forever barred and restrained from in any manner asserting any right, title or interest in and to said property.'' The prayer is that plaintiff take nothing by the action; that the tax deed be cancelled; the defendants' title quieted; the plaintiff restrained from claiming or asserting any right, title,

claim or interest in the property, and for further relief deemed necessary and equitable.

Plaintiff contends that defendants by this answer claimed affirmative relief that could not be granted except on condition that plaintiff be reimbursed the amount of taxes justly charged against the property and paid by her. This contention seems to be justified. Plaintiff further contends that the court by its judgment granted such affirmative relief. This contention, though perhaps given color by some of the court's conclusions of law, is not supported by the operative words of the judgment which are, simply: ''It is, therefore, ordered, adjudged and decreed by the court that the plaintiff take nothing by this action, and that the defendants go hence without day'' and recover their costs. We construe the judgment as a decision that plaintiff is not the owner nor entitled to possession of the property, and that defendants are entitled to no affirmative relief.

The judgment is affirmed.

BLUME, Ch. J., and RINER, J., concur.