**UNITED STATES v. KLINK et al.**
No. 2100.

District Court, D. Wyoming.
April 12, 1933.

John C. Pickett, of Cheyenne, Wyo., C. W. Axtell, of Thermopolis, Wyo., and Clarence A. Swainson, of Cheyenne, Wyo., for defendants Irma Sylvia Klink, Board of County Comrs., Hot Springs County, and Town of Thermopolis.

Durham & Bacheller, E. E. Enterline, and Madge Enterline, all of Casper, Wyo., for defendants Chancy O. Templeton and Clara Christina Templeton.

KENNEDY, District Judge.

The matter before the court in the above-entitled cause involves claims to a fund in the registry of the court arising out of a condemnation proceeding instituted by the plaintiff to acquire property for public use. Briefly stated, the facts upon which the controversy arises are substantially as follows: The United States being desirous of acquiring title to property upon which to erect a Post Office building in the town of Thermopolis, Wyo., and being unable to acquire a selected site on account of the involved conditions of the title, instituted a suit in condemnation proceeding under title 40, sections 257, 258, and 258a, USCA. In the proceeding all parties claiming an interest in the land were brought in as defendants, an appraisement of the property was made by duly appointed appraisers, a jury trial was waived, by stipulation of counsel the award of the appraisers was confirmed, and the purchase price deposited in the registry of the court, with the proviso that the respective rights of the parties claiming such proceeds would later be determined by the court upon a hearing to be had. The final decree of condemnation and the awarding of the property to the plaintiff was entered in due course. There were five lots in block 21 of the original townsite of the town of Thermopolis involved, to wit, Nos. 13, 14, 15, 16, and 17. On the first three numbered lots there was no conflict in regard to the title, and by agreement the owner of said lots was permitted to withdraw from the registry the appropriate funds covering such lots, leaving a balance of $3,100 applicable to lots 16 and 17, the right to which said fund is the subject of the hearing now under discussion. The lots were prior to October 27, 1927, owned by Clara Christina Templeton, who on that day transferred the same to Chancy O. Templeton, one of the defendants

herein. Taxes were assessed against said property for the year 1927, and the same remain unpaid. At the sale of the property for delinquent taxes the following year, there being no other bidders, the property was bid in by the county treasurer for the county in accordance with the statute in such cases made and provided. For the year 1928 the property was again listed for taxation, and, the taxes remaining unpaid, the following year at the delinquent tax sale the property was again bid in by the county treasurer on behalf of the County. Subsequently the property was sold by the county to the defendant Irma Sylvia Klink, and a commissioner's deed delivered in accordance with the statute in such cases made and provided, in consideration of the payment of the accrued taxes, including penalty, interest, cost of advertising, and redemption fee, plus a sum for local improvements assessed by the town of Thermopolis, which under the statute is made collectible by the county treasurer. The purchaser at the tax sale thereafter in due course for the years 1929 and 1930 paid the taxes upon said property, including the assessments for local improvements, which amount paid, together with the statutory interest upon the same, amounted at the time of the condemnation judgment of the property to $2,101.48. There is a dispute between the parties as to who was in possession of the premises at the time of the commencement of the condemnation proceedings. The defendant Klink offered testimony to the effect that, after receiving the deed from the county commissioners, she, through her agent, took possession of the property and boarded up some of the entrances to a building located thereon; and there is evidence offered on behalf of the defendant Templeton that he collected rentals from an occupant of the premises for a period of time extending up to the execution of the condemnation proceeding. It is perhaps unnecessary, in the light of the view which this court takes as to the final disposition of this case, that a specific finding of fact as to which, if either, of these parties could be found to be in possession of the premises at the time the suit was begun.

The dispute as to the ownership of the fund in the registry of the court has narrowed to the claims of the defendants C. O. Templeton and Irma Sylvia Klink, except as to the county of Hot Springs, in which county the property is located, and the town of Thermopolis may be indirectly affected. These two latter defendants have interposed answers seeking to sustain the validity of the tax sale in so far as their rights may be af-

fected by the decision of this court. The defendant Irma Sylvia Klink has interposed by appropriate pleading a claim to the entire fund as being the title owner of the property under deed of conveyance from the county of Hot Springs, or, in the alternative, that she be awarded the amount which she had expended in the payment of taxes, penalties, interest, and assessments, as above set forth. The defendant C. O. Templeton by appropriate pleading claims the entire amount in the registry of the court as being the fee title owner of the property, free and clear of any lien or claims of the other defendants.

 The contention of the defendant Templeton is that the entire proceeding in the matter of the assessment and collection of taxes was void, and that, being the title owner of the property, he is, as above-stated, entitled to the entire balance of the award applicable to the property in question. While a number of defects in the matter of the assessment of the property for the taxes involved are put forth, the chief contention relates to the absence of the statutory oath of the county assessor to the assessment roll for the years in which the taxes are involved. Section 30-306, Wyoming Revised Statutes 1931, provides that, when the assessment roll shall have been completed, the county assessor shall subscribe and make an oath to be attached to said roll, the statutes setting forth the exact form of the oath to be taken. To the assessment rolls for the years involved here the statutory oath was affixed and signed by the assessor, but the oath was not taken before any officer authorized to administer oaths. The question is, Was this a compliance with the statute? The defendant Klink contends that it was, while the defendant Templeton contends that it was not. The Supreme Court of Wyoming, in Brewer v. Kulien, 42 Wyo. 314, 294 P. 777, in following the expressed opinion in a former decision in Horton v. Driskell, 13 Wyo. 66, 77 P. 354, 3 Ann. Cas. 561, has apparently held that an assessment roll without the oath of the assessor attached in compliance with the statute is an omission which renders the assessment roll void as a basis for the proceedings of tax sale and invalidates the sale, unless there is some affirmative relief afforded by the Constitution or act of the Legislature covering the deficiency, which the court found to be absent in this state. The basis of the decision is that the oath required by tax laws is for the purpose of safeguarding the interests of the taxpayers. I take it as having been established through this decision of the Supreme Court that an assessment roll unsupported by an oath of the assessor is invalid and ineffective for the purposes of the sale of property for delinquent taxes, which construction of a state statute by the highest court of the state would be binding upon this court. The defendant Klink maintains that, regardless of the fact that there is no evidence of an oath of the assessor to the assessment rolls having been taken before an officer authorized to administer oaths, there is still a compliance with the statute because of the signature of the assessor to the oath attached to the assessment roll in the form as such oath is specifically set out in the statute, upon the theory that it was nevertheless an oath in view of the fact that the statute had been specifically followed as to form. In other words, it seems to be the contention that the assessor in affixing his signature had thereby gone through a mental process of taking an oath, although not in the presence of any one. It is true that the statute does not provide specifically that the oath shall be taken before a person authorized to administer oaths, as is sometimes provided by statute. I am unable to agree with this rather ingenious contention of counsel, for the reason that it destroys the safeguards which are thrown around the transaction by the provision that an oath shall be taken. In the eyes of the law, an oath is considered to be an affirmation of the truth of a statement and renders liable to punishment for perjury one who willfully asserts that which is not true. The dignity and solemnity of such a transaction should not rest upon the basis of a mere signature and the presumed mental operation of the signer. It follows, therefore, that, in so far as the transactions in the case at bar presumed to transfer the title to the property in question through the pretended sale for delinquent taxes, they were inoperative and ineffectual and the title still remained in the defendant Templeton.

 It remains to investigate the question as to whether or not the equities of the situation entitle the defendant Klink to any relief. It is a matter of dispute between counsel as to the nature of the proceeding before the court. An examination of the statute, title 40, section 258a, leads to the conclusion that the proceeding is in its nature one grounded in equity. The last clause of the section reads as follows: "Upon the filing of a declaration of taking, the court shall have power to fix the time within which and the terms upon which the parties in possession shall be required to surrender possession to the petitioner. The court shall have power to make such orders in respect of encumbrances, liens,

rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable."

It is clearly the intent of Congress that the court in administering this statute should sit as a court of equity and adjust all claims upon the property or the funds arising out of the condemnation proceeding along equitable lines. The defendant Templeton is seeking a decree awarding him the entire proceeds for the lots, and, regardless of what may have been his rights in a strictly law proceeding, he is amenable to the provisions of the statute under which it is provided that his property may be taken. As a supplicant in a court of equity he is required to do equity before any relief can be given him. Regardless of the discrepancies which may have arisen concerning the legality of the tax sale, nevertheless, the taxes were paid in good faith by the defendant Klink and were admittedly assessed upon property which was taxable, and which, if the proceedings had been legally taken, would have been subject to sale for the taxes so paid. It would not seem equitable that the title owner under the circumstances should have his property restored to him, or in this case the funds arising therefrom, unless the party who paid such taxes should be reimbursed out of such proceeds. This rule is recognized by a long line of authorities, outstanding among which is the case of Holland v. Hotchkiss, 162 Cal. 366, 123 P. 258, 259, L. R. A. 1915C, 492, by the Supreme Court of California, in which the principle is stated in the syllabus as follows: "Where a property owner applies for equitable relief against the public authorities, as, for example, to restrain proceedings for the collection or enforcement of taxes assessed against it, or to enjoin the execution of a tax deed or to cancel a lien or charge for taxes, of record against his land, and it appears that all or some part of the tax charged is justly and equitably due from the plaintiff, or chargeable upon the land, he must, as a condition of obtaining such relief, first pay or offer to pay the amount justly due, or he must be required to do so before the relief to which he shows himself entitled is given."

This case is apparently cited with approval by the Wyoming court in Brewer v. Kulien, supra. A multiplication of authorities would serve no useful purpose, as this is sufficient to indicate the rule which this court feels should prevail in the determination of the equities of the parties here.

The contention is urged on behalf of the defendant Templeton that the assessments for local improvements should at least not be included in the amount for which the defendant Klink should be entitled to reimbursement. I am of the opinion that no invalidity of a substantial nature has been established in regard to these assessments, and, there being no dispute that the property was subject to such assessment for local improvements, these payments may be regarded in the nature of taxes for which reimbursement should be made. The conclusion is that the defendant Klink should be paid the amount which the evidence shows she disbursed on account of taxes, penalties, interest, and local improvement assessments, and legal interest thereon in the amount of $2,101.48, and that the balance of $998.52 should be paid to defendant Chancy O. Templeton, the fee title owner of said property.

Findings, conclusions, and an appropriate decree may be submitted by collaboration of counsel, reserving to the parties their exceptions and providing that each party shall pay his own costs. An order may be entered allowing up to and including April 20th within which to submit such findings, conclusions, and decree.