### WOODLEY et al. v. McKEE.

No. 11087—Opinion Filed July 10, 1923.

Rehearing Denied Feb. 19, 1924.

(Syllabus.)

### 1. Judgment—Validity—Service by Publication—Mode of Attack.

Where service is obtained by publication and the judgment recites "that said service of summons by publication has been legally and duly made, is complete, and that proof thereof is sufficient and that same is hereby approved", there is nothing on the face of the record to show irregularity of the service, and an attack on the judgment as being void because of failure to make and file affidavit as required by section 4724, Rev. Laws 1910, could only be made under the third subdivision of section 5267, Rev. Laws 1910.

### 2. Same—Overruling Motion to Vacate.

Under the circumstances above stated, it was not error to overrule a motion to vacate a judgment where a valid defense was not pleaded or proved.

Error from Superior Court, Tulsa County; L. J. Martin, Judge.

Judgment for W. R. McKee against W. A. Woodley and another. Motion to vacate judgment overruled, and movants bring error. Affirmed.

Shell S. Bassett, for plaintiffs in error.

West, Sherman, Davidson & Moore, for defendant in error.

COCHRAN, J. This is an appeal from an order overruling a motion to vacate a

judgment rendered on March 2, 1918, in favor of defendant in error against the plaintiffs in error. The judgment in favor of the defendant in error was procured on service by publication. In conformity to such judgment, a sale of certain real estate belonging to plaintiffs was made and order of confirmation was entered in the district court on June 23, 1919. On September 19, 1919, a motion to vacate judgment was filed by the plaintiffs in error upon the ground that the judgment rendered against them was rendered without jurisdiction because a copy of the publication notice and a copy of the petition filed in said cause were not mailed to them within six days after the first publication of the notice, although the addresses of the defendants were known to the plaintiff or could have been ascertained by him by means within his control. Upon the hearing had on the motion to vacate this judgment, the defendant in error filed an affidavit in which he stated that, at the time of the publication, the residence and post-office addresses of plaintiffs in error were unkown to him and could not be ascertained by any means within his control; that he could not recall whether he made and filed a written affidavit to that effect before judgment was rendered in the cause, but that he was personally present in court at the time the cause was heard and testified to that state of facts. The defendant in error asks to have this affidavit considered with like effect as though the affidavit had been filed before the judgment was rendered. It is contended by the plaintiffs in error that the failure to file this affidavit within the time prescribed in section 4724, Rev. Laws 1910, renders the judgment void.

It is unnecessary for us to determine whether this would be true if it appeared from the face of the record that there was a failure to file the affidavit, for the record in this case shows that the journal entry of judgment recites:

"The court finds upon said examination that said service of summons by publication has been legally and duly made, is complete, and that the proof thereof is sufficient and that the same is hereby approved"

and there is nothing in the record from which the irregularity complained of appears. Such being the case, this attack comes within the decision of this court in Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, as follows:

"Relief based on evidence dehors the record may be had against a judgment rendered without service of process, under the third subdivision of section 5267, Rev. Laws 1910, empowering the court to vacate or modify its own judgment or orders at or after the term at which such judgment or order was made, on account of 'irregularity in obtaining a judgment or order.' * * * We refuse to follow those cases apparently holding that a judgment rendered without service of process, though valid on its face, may be vacated at any time upon motion. Those cases fail to distinguish between judgments valid on their face and those void on their face. See Edwards v. Smith, 42 Okla. 544, 142 Pac. 302, correctly holding that a judgment is not void in the legal sense for want of jurisdiction unless its invalidity and want of jurisdiction appear on the record; it is voidable merely."

The judgment in this case appearing valid upon its face, the attack on account of the failure to make the affidavit could only be made under the third subdivision of section 5267, Rev. Laws 1910, and in such case, under section 5271, the judgment would not be vacated until it was adjudged that there was a valid defense to the action on which judgment was rendered. There was no attempt in this case to plead or prove a valid defense. Such being the case, the trial court properly overruled motion to vacate the judgment. The judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.