## HURST et al. v. HANNAH.

No. 12948—Opinion Filed April 29, 1924.

Rehearing Denied Sept. 30, 1924.

(Syllabus.)

**1. Quieting Title—Sufficiency of Petition—Statute.**

In an action brought under section 466, Comp. Stat. 1921, a petition which embodies the essential averments of the statute is sufficient. A petition which alleges that the plaintiff is the owner in fee, and in the actual peaceable possession of the property in controversy, describing it, and that the defendant claims an interest therein adverse to plaintiff's, and that the claim of defendant is a cloud upon plaintiff's title, sufficiently states a cause of action brought under said statute.

**2. Specific Performance—Limitation of Actions.**

An action for specific performance of a contract to convey land with no element of trust in it is one in personam and not one "for the recovery of real estate or any estate or interest therein," and must be brought within five years or the action is barred by the statute of limitations.

**3. Same—Action to Quiet Title—"Counterclaim."**

Under section 274, Comp. Stat. 1921, the statute of limitations does not run against a counterclaim of the defendant, which is urged as a defense to the liability sought to be enforced by the plaintiff, until the claim of the plaintiff is barred. Such counterclaim must be one arising out of the contract set forth in the petition as the foundation of plaintiff's claim or connected with the subject of action. In an action brought by the owner of the legal title to real estate, who was in possession, to quiet title against the adverse claim of the defendant, an answer and cross-petition which pleaded a conditional contract to convey real estate and which alleged the performance of the conditions by the defendant, and which sought specific performance of the contract, did not plead a counterclaim within the provisions of section 274, Comp. Stat. 1921.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Mary Hannah against Homer S. Hurst and others. Judgment for plaintiff, and defendants bring error. Affirmed.

W. F. Harn and H. S. Hurst, for plaintiffs in error.

Everest, Vaught & Brewer, for defendant in error.

COCHRAN, J. The defendant in error, as plaintiff below, brought suit against the plaintiffs in error, as defendants below, to quiet title to block 11, Barrows addition to Oklahoma City. The defendants alleged that H. S. Hurst and his assigns were the owners of an undivided one-eighth interest in said property by reason of a contract dated July 27, 1909, between M. E. Hannah and Albert T. Hannah, as parties of the first part, and H. S. Hurst, as party of the second part, whereby parties of the first part agreed to convey an undivided one-eighth interest in the property in controversy to party of the second part upon certain conditions set out in said contract. The defendants allege that H. S. Hurst had complied with all of the conditions of this contract, but that parties of the first part had failed and refused to convey the property to him. The defendants prayed for a specific performance of the contract and that the defendants' title to the one-eighth interest in said property be quieted. Prior to filing answer in the case the defendants filed a demurrer to plaintiff's petition, which was overruled. Defendants contend that the court erred in overruling this demurrer because the plaintiff did not set forth in detail the facts relied upon to establish his claim, and did not attach to his petition copies of all deeds or other evidences of title in accordance with the provisions of section 467, Comp. Stat. 1921. This action did not involve the recovery of real estate by the plaintiff but was an action to quiet title under section 466, Comp. Stat. 1921, and the petition was sufficient to comply with the essential averments of the statute. In Ziska v. Avey, 36 Okla. 405, 122 Pac. 722, the court in the 3rd paragraph of the syllabus said as follows:

"In an action brought under section 4787, Wilson's Rev. Stat. 1903 (sec. 6121, Comp. Laws 1909), a petition which embodies the essential averments of the statute is sufficient. A petition, therefore, which alleges that the plaintiffs are the owners in fee and in the actual peaceable possession of the property in controversy, describing it, and that the defendant claims an interest therein adverse to plaintiffs, and that the claim of the defendant is a cloud upon the plaintiff's title thereto, sufficiently states a cause of action brought under said statute."

It is next contended that the court erred in sustaining plaintiff's demurrer to the answer and cross-petition filed by the defendants. The plaintiff contends that the demurrer was properly sustained because the cause of action contained in the answer and cross-petition was barred by the statutes of limitations. The defendants contend that the action pleaded in their answer and cross-petition was for the recovery of real estate or an interest therein, and is governed by subdivision 4, section 4655, Rev. Laws 1910, which fixes the limitation on which said action may be brought at 15 years. The answer and cross-petition did not set up a cause of action for recovery of real estate, but was one for specific performance of a written contract to convey. The court in Welch v. Ladd, 29 Okla. 93, 116 Pac. 573, held that an action for specific performance of contract was not an action for recovery of real property or estate or interest therein, and said:

"Said action being one for specific performance of contract to convey land with no element of trust in it, was one in personam, and not one 'for the recovery of real estate or any estate or interest therein' so as to form an exception to the rule laid down in the statute relied on by plaintiff."

It is our opinion that the cause of action was controlled by the five year statute of limitations and not by the 15 year limitation.

The next contention is that the cause of action and defense contained in the answer and cross-petition are not barred by the statute of limitations under section 274, Comp. Stat. 1921, which provides:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action, or on account of a wrongful attachment or garnishment issued and levied in said action after the same has been set aside. * * * Provided, that either party can plead and prove a set-off or counterclaim of the proper nature, in defense of the liability sought to be enforced by the other party, and it shall not be necessary that such set-off shall exist as between all parties plaintiff and defendant in such suit, but any party may enforce his set-off or counterclaim against the liability sought to be enforced against him. Such set-off or counterclaim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred."

The defendants contend that by reason of the contract to convey the real estate, and

the performance by Hurst of the conditions to be performed under the contract, he became the equitable owner of a one-eighth interest in the property involved, and that the answer and cross-petition set up a valid defense against plaintiff's action to quiet title and also a valid counterclaim, and that under section 274, supra, the statute of limitations did not run against such counterclaim. Under the provisions of said section of the statute, the statute of limitations does not run against a counterclaim of a defendant which is urged as a defense to the liability sought to be enforced by the plaintiff until the claim of the plaintiff is barred.

The counterclaim in section 274 must be one arising out of the contract set forth in the petition as the foundation of plaintiff's claim or connected with the subject of the action. In the instant case the defendants contend that the counterclaim pleaded in their answer was connected with the subject of the action set out in plaintiff's petition.

In Stone v. Cass, 34 Okla. 5, 124 Pac. 960, this court held that a primary right and its infringement are the elements of a subject of action. In the instant case the plaintiff's suit was not based on the contract with Hurst, or any rights growing out of the same, or the infringement thereof. The subject of action in the instant case was the right of the plaintiff to hold title to her real estate, free from harassment by the assertion of title on the part of the defendants asserting an interest in such property. The defendants' claim under the contract with Hurst was not connected with this subject of action, but defendants' rights depended upon obtaining affirmative relief under the contract. In Clark v. Duncanson, 78 Okla. 180, 192 Pac. 806, the defense pleaded in the answer and cross-petition was held to be a counterclaim under the above statute because it was connected with the subject of action, but in that case plaintiff's right was based upon title under a tax deed, and the adverse claim of the defendants and the counterclaim was based on the contention that the tax deed was void, and hence the defense was connected with the subject of action. In the body of that opinion the court said:

"The whole litigation revolves around the validity of plaintiff's tax title, and not around the defendant's title."

In the instant case the litigation turns around the rights acquired by the defendants under the contract and only by enforcing such rights do the defendants have any defense to the cause of action stated in plaintiff's petition. It is our opinion that the answer did not plead a counterclaim within the provisions of section 274, supra, and that the statute of limitations barred the right to the cause of action defendants sought to plead in answer and cross-petition, and that the demurrer was properly sustained.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and HARRISON, NICHOLSON, and WARREN, JJ., concur.