## SIDLO, SIMONS, DAY & CO. v. PHILLIPS

(No. 1861; October 1, 1935; 49 Pac. (2d) 243)

For the plaintiff in error there was a brief by *Pershing, Nye, Bosworth & Dick,* of Denver, Colorado, and *William B. Cobb,* of Casper,. Wyoming, and oral argument by *C. C. Dawson,* of Denver, Colorado.

For the defendant in error, there was a brief and an oral argument by *Edward E. Murane,* of Casper.

*Pershing, Nye, Bosworth & Dick, C. C. Dawson, Jr.,* of Denver, Colorado, and *Wm. B. Cobb,* of Casper, Wyoming, in reply.

RINER, Justice.

The defendant in error, Luella Phillips, as plaintiff in the district court of Natrona County, on July 8, 1932, brought suit to quiet her title to Lot 1 in Block 152 in the City of Casper, Wyoming. Walter L. French and any and all heirs at law of Grace W. French and any unknown heirs, assignees or grantees of Grace W. French not of record, W. F. Henning, Lumbermans Securities Corporation, an Oregon corporation, and Sidlo, Simons, Day & Company, a Colorado corporation, were made defendants. From a judgment in her favor against all the defendants, the corporation last mentioned alone instituted these proceedings in error. Briefly the facts presented by the record for our consideration appear to be these:

The premises in question were in the year 1926 owned by Grace W. French, mentioned above, who

failed to pay the general taxes assessed against them for that year, and in consequence the property was on July 6, 1927, subject to tax sale and bid in by Natrona County. The certificate of purchase issued by the County Treasurer, relative to the matter, recited that the sale of said lot was had in the manner provided by statute for the delinquent taxes due thereon, in the amount of $108.80, including interest, penalty and the costs allowed by law. The certificate also stated that unless the real estate was legally redeemed the purchaser would be entitled to a deed on and after July 6, 1929. No redemption seems to have been had and no deed was ever issued pursuant to said certificate.

Subsequently and on July 8, 1930, the property was again sold for failure to pay the general taxes for the year 1929, and again bid in by Natrona County. The certificate of purchase issued by the County Treasurer on account of this sale indicated the delinquent taxes, interest, penalty and costs as the sum of $102.74 and the redemption date as July 8, 1933. Again the property remained unredeemed and no deed was delivered to the county in consequence of that fact.

July 6, 1932, for a stated consideration of $810.44, this being the sum total due on said property as general taxes, plus interest, penalties and costs for the years 1926 to 1931, inclusive, the Board of County Commissioners of Natrona County executed and delivered to Luella Phillips, aforesaid, a "County Commissioner's Deed" to the property, and two days later the suit above mentioned was commenced.

The plaintiff's petition was in the usual form of a suit to quiet title and described to some extent the adverse claims to the property involved, asserted by the defendants, and prayed that their claims be declared "null and void and of no force or effect." In its answer, supplementing denials of certain averments in plaintiff's petition relative to the latter's asserted

right to the lot aforesaid, Sidlo, Simons, Day & Company pleaded that it was the owner of bonds issued on behalf of Paving District No. 17 in the City of Casper, Wyoming, and by virtue thereof and certain alleged proceedings taken for their foreclosure, was the owner of a lien, valid and enforceable against the property in question. The answer, praying that plaintiff's petition be dismissed, also averred that bondholders of said Paving District were necessary parties to the litigation and that a determination of the issues therein could not be made without their presence before the court. The defendant W. F. Henning filed an answer wherein he denied plaintiff's alleged rights in the real estate aforesaid and set up in detail his adverse claim as a holder of certain bonds of Sanitary Sewer District No. 2-B of said City of Casper embracing said property, and asked that the lien thereof be adjudged as prior to any claim on the part of the plaintiff thereto. Plaintiff filed replies to these answers, denying each and every allegation contained in that of Sidlo, Simons, Day & Company, and aside from admitting the defendant Henning's ownership of the bonds and that Casper is a city of the first class in Wyoming, denying also each and all the allegations of his answer.

The case was tried to the court without a jury, with the result hereinabove stated. Other facts will be mentioned as may be necessary in connection with the points required to be decided.

Plaintiff in error argues that its answer asserted a defect of parties defendant in that other holders of bonds of said Paving District No. 17 were necessary to a complete determination of the litigation, and they had not been brought into it. However serious this contention might be under a proper record, the allegations of the defendant's answer were, as we have noted, denied by plaintiff's reply, and the record fails

to show that there were any other bondholders whatsoever of Paving District No. 17. In other words, there was no proof of that fact adduced on the trial. It is said that the files of another case, which were pleaded in this wise—"to which defendant hereby refers and makes a part of this defense the same as if fully set out herein" supplied this proof. No exhibits were attached to the pleading and they are not in the record before us indicating the contents of those files. "It is a general rule that a paper or record cannot be incorporated in a pleading by reference to it." 21 R. C. L. 477, Section 40; 49 C. J. 38; John Deere Plow Co. v. Hershey et al., 287 Pa. St. 92, 134 Atl. 490. See also Hartford Fire Insurance Co. v. Kahn, 4 Wyo. 364 and Section 89-1031, Wyoming Revised Statutes 1931, somewhat modifying the rule of that case. A court ordinarily does not judicially recognize the contents of any of its records except in the proceeding before it. 15 R. C. L. 1114, Section 44; 23 C. J. 113 and cases cited. The point urged is accordingly without merit.

It is additionally insisted that plaintiff's evidence is insufficient to support her title to the real property involved and in consequence the decree in her favor must fall. It is pointed out that plaintiff's case rests upon a title derived solely through the tax sales of this property, heretofore mentioned, and we are reminded of our previous decisions, Davis et al. v. Minnesota Baptist Convention, 45 Wyo. 148; 16 Pac. (2d) 48, and Barrett v. Barrett, 46 Wyo. 84; 23 Pac. (2d) 857, wherein it was stated:

"In a suit to quiet title, it is well settled that the plaintiff ordinarily has the burden of proving the facts alleged, on which his right to judgment is grounded, and he must establish that he, himself, 'has a perfect legal or equitable title regardless of whether defendant's title is valid or invalid, since plaintiff must recover on the strength of his own title and not on the weakness of his adversary's.'

"* * * * 'the burden is upon any person who claims title to land derived from a sale thereof for taxes to prove, affirmatively and by proper evidence, that every mandatory provision of the law under which the sale was effected was strictly complied with, that each step in the proceedings, from the assessment of the taxes to the execution of the deed, was formally and regularly taken by the officers or persons legally authorized, and that he or his grantor was the purchaser at the sale.' "

And Brewer v. Kulien, 42 Wyo. 314, 294 Pac. 777, where this court held that the failure of the County Assessor to attach his oath to the assessment roll, as required by Compiled Statutes, 1920, Section 1515, invalidated a subsequent tax sale connected therewith, under which title was claimed.

Our attention is also directed to the state of the record as follows: The Deputy County Assessor of Natrona County, sworn as a witness for plaintiff, testified on cross-examination:

"Q. Do you know whether or not the tax roll bears the assessor's oath which the statute requires?

A. It does for 1929; I couldn't say for 1926.

Q. Will you examine your records, if you will, please, and produce, if possible, the oath which is required to be attached by the provisions of Section 30 —306 of Revised Statutes of 1931—was formerly Section 1515, Compiled Statutes, 1920?"

Interposing before the witness responded to the last question quoted above, counsel for plaintiff stated: "I have that information here to be produced by the Treasurer; it is in her office." Whereupon counsel for Sidlo, Simons, Day & Company acquiesced, saying, "If you will, I will await the evidence of the County Treasurer." The Deputy County Treasurer was then called, but neither gave any testimony nor produced any record showing that the assessor's oath required by law and referred to in the unanswered question above

quoted had been affixed by the County Assessor of Natrona County to the assessment rolls for either of the years 1926 or 1929. In fact, no such evidence was ever produced on plaintiff's behalf.

When the separate motions of Sidlo, Simons, Day & Company and W. F. Henning for a new trial, urging among others as grounds for a new trial the omission to attach the required assessor's oath to the assessment rolls for either the years 1926 or 1929 and that the judgment was not sustained by sufficient evidence and was contrary to law, came before the trial court for decision, there was submitted the affidavit of George Pattillo, which stated that:

"He is now, and ever since the month of January, 1927, has been, the duly elected, qualified and acting County Assessor of Natrona County, State of Wyoming; that on the 7th day of January, 1933, he subscribed, swore to, and attached to the combined assessment roll and tax list of Natrona County for the year 1929, the following oath:"

After setting out verbatim this oath, which is the same one required by the statute as mentioned above, the affidavit continued:

"That prior to said 7th day of January, 1933, affiant had never taken such an oath or one similar to it, and had never prior to the 7th day of January, 1933, in any manner attached such oath, or a similar one, to any assessment roll or tax list prepared by him or in his office; and that during all of the time that he has held the office of County Assessor of Natrona County, Wyoming, no assessment roll or tax list of any kind prepared by him or in his office has had attached thereto any such oath made by him."

There seem to have been no affidavit or evidence presented to the court contradicting the facts thus stated under oath. The records, ordinarily easily available, could have established the truth. Yet the motions for a new trial were overruled.

It is evident under the decisions of this court, previously cited herein, if the statements contained in this affidavit were true a new trial should have been granted, for in such case the tax sales under which plaintiff asserts her title were absolutely void. It was incumbent upon the plaintiff to affirmatively prove that the assessor's oath required by the statute to be affixed to the assessment rolls for 1926 and for 1929 was attached to them before any tax sale in connection therewith took place. This was not done. The response of the Deputy County Assessor quoted above, when viewed in the light of what occurred immediately following his answer, cannot be regarded as sufficient proof of the necessary fact. The question to which he replied did not refer to the tax roll of any particular year and he did not testify that the assessor's oath had been affixed in either of the years 1926 or 1929, at the time it should have been. When in the following question the witness' attention was directed to the particular statutory assessor's oath by definite and specific reference to the section of the law itself, and he was requested to produce the record and thus establish the actual fact under examination one way or the other, the witness was prevented from either answering or producing the desired record by the interposition of counsel for the plaintiff. The latter's statement, "I have that information here to be produced by the Treasurer," was in effect a promise to produce the record and tender it in evidence, as plaintiff was duly bound to do to establish her case. Relying on this statement counsel for Sidlo, Simons, Day & Company pursued the matter no further. The record was not forthcoming, and that being so it was certainly not the duty of the defendant to prove that the assessor's oath was not affixed as the law required. As we view the transcript, the proof on this matter, to say the very least, was left in such an uncertain and dubious

state that only a re-examination of the issue in the district court will clear up the point.

Defendant in error contends that the question arising in consequence of the omission of the assessor's oath to the assessment rolls was raised for the first time by defendants' motions for a new trial. Even if that be regarded as of consequence, the record does not support such a position. We find that the point in question was suggested when counsel for Sidlo, Simons, Day & Company made his opening statement to the court, indicating what defenses would be interposed to the suit. It was suggested again by the questions propounded to the Deputy County Assessor and quoted above. It was raised once more by a specific objection interposed to the exhibits offered in evidence by plaintiff and again by a request for certain findings of fact and conclusions of law by the trial court, these findings and conclusions being submitted in written form.

Other questions have been argued on this record, but we deem it unnecessary at this time to give them consideration. They may not arise again in the case.

As plaintiff failed to prove that all the mandatory statutory steps were taken in the acquisition of the tax title upon which she here relies, the judgment must be reversed, with instructions to grant a new trial.

*Reversed.*

KIMBALL, Ch. J., and BLUME, J., concur.