**ROSS, Adm'r, et al. v. THOMPSON et al.**

No. 25674. Oct. 15, 1935.

Loyal J. Miller and Bliss Kelly, for plaintiffs in error.

Snyder, Owen & Lybrand, for defendants in error.

PER CURIAM. G. G. Ross and Emma Ross, the record owners of certain town lots in Oklahoma county, died, and in June, 1930, the county court of Oklahoma county, appointed W. J. Edwards administrator of their estates. In November, 1931, his letters were revoked and Henrietta Ross was appointed in his stead. The rentals from this property were collected by the A. F. Bond Rental Agency and by it turned over to Edwards from the time of his appointment until the date of the judgment involved herein, and indeed it appears that some of the rentals were collected and credited to the Ross estate after the date of the judgment. The original plaintiff in the quiet title suit did not collect any rentals until after the date of the judgment. His counsel said "There is no question about that."

On February 16, 1931, T. G. Thompson filed suit in the district court of Oklahoma county, Okla., to quiet his title to this and other property. Among others, he named as defendants G. G. Ross, Henrietta Ross Emma Ross, and L. R. Ross, and in the caption added, "if any one or more of said persons named as defendants be dead, then to the unknown heirs," etc. Plaintiff's affidavit for publication states that with due diligence he was unable to make service of summons on G. G. Ross, Henrietta Ross, Emma Ross, L. R. Ross, and others, and with due diligence was unable to ascertain whether or not G. G. Ross, Emma Ross, and certain others are living or dead, and as to those who are dead, he was unable to ascertain the names, etc., of their heirs. The addresses of Henrietta Ross and L. R. Ross are stated as No. 327 Beale street, Memphis, Tenn. The affidavit of mailing states that a copy of the petition, with publication notice attached, was mailed to "Henrietta Ross and L. R. Ross, 327 Beale street, Memphis, Tennessee."

On April 10, 1931, a judgment by default was rendered against the defendants Ross and others.

On April 8, 1933, Henrietta Ross, individually, and as administratrix, filed a petition to vacate the judgment. L. R. Ross joined in the petition. Thompson, the original plaintiff, and others answered the petition, which came on for hearing, and at the conclusion of the petitioner's evidence the trial judge sustained a demurrer thereto. This proceeding is brought to reverse his decision.

At the hearing in the court below, it appeared that Thompson's title rests on a tax deed obtained shortly before he instituted suit. His notice of intention to apply for the deed was served on the tenant in possession and on the A. F. Bond Rental Agency, by the sheriff of Oklahoma county, who stated in the return that G. G. Ross was dead.

To sustain the judgment of the trial court, it is urged that since copies of the petition and notice by publication were mailed to the defendants Henrietta Ross and L. R. Ross, there was "other service than by publication" within the purview of section 189, Okla. Stat. 1931, so that they are not entitled to have the judgment opened. Lynch v. Collins, 106 Okla. 133, 233 P. 709. But since the affidavit of mailing discloses that a copy of the petition and publication notice was addressed to L. R. Ross and Henrietta Ross jointly at 327 Beale street, Memphis, Tennessee, the service is void as to both. (Stumpff v. Price, 74 Okla. 117, 177 P. 109.) Instead of there being service other than by publication there was no service at all. If the judgment of the trial court is to be sustained, it must be on some other ground.

An entirely different situation is presented as to Henrietta Ross, as administratrix of the estates of G. G. Ross and Emma Ross. Her predecessor in office was not made a party to the suit. The only showing in the record to excuse his nonjoinder appears in the affidavit for publication as heretofore set out. Thompson must have known the names of the tenants in the actual possession of this property, for the sheriff served notice on them of application for tax deed, and also served the A. F. Bond Rental Agency, and the plaintiff at least was put on inquiry as to whether or not the rental agency was the owner of the property. We think it is also fairly deducible from the evidence that at the time the suit was brought, the then administrator of the estates of G. G. Ross and Emma Ross was in possession of the property through his tenants. The probate proceedings were pending in Oklahoma county. The slightest diligence—procuring an abstract of title or inquiry from the rental agency—would have enabled plaintiff to ascertain the name and address of the administrator. Plaintiff did

inquire far enough to ascertain the names of Henrietta Ross and L. R. Ross and to obtain a post-office address for them, and to find out who was collecting the rents on the property, and we cannot escape the conclusion that he pursued his inquiry up to that point, and then with the means of knowledge clearly at hand refused to go further. Section 184, Okla. Stat. 1931, providing for service in the alternative on defendants, if living, or if dead, on their heirs, etc., requires due diligence on the part of the plaintiff, and was not in our opinion intended to apply to parties whose names and the interest claimed appear from the records of the county in which the land is situate (Bartel v. Ingram [Ark.] 11 S. W. [2d] 488) ; nor was it intended to apply to persons in possession of the property. See Pankey v. Oritz (N. M.) 195 P. 906, 30 A. L R. 92 ; Rodriguez v. La Cueva Ranch Co. (N. M.) 134 P. 228 ; Kirby v. Mich. Central R. Co. (Mich.) 210 N. W. 254. In any event, it is not contended that any service was had on the administrator except as an unknown claimant, and that service was by publication only so that the administratrix was entitled to have the judgment set aside. Wise v. Davis, 132 Okla. 65, 269 P. 248.

At the beginning of the hearing below, appellees' counsel asserted that "all that is before this court is * * * whether or not when this judgment was originally entered in this case the court did have jurisdiction of the parties and the subject matter." The trial judge was of the same opinion. saying, "The only thing I am here to determine is whether or not the court had jurisdiction to render the judgment that was in fact rendered at the time it was rendered." Throughout the hearing the proof was confined to that issue.

Where counsel declares that only a certain question is involved in a case he is bound thereby, and other questions cannot be raised in the appellate court. Starr v. Vaughn, 113 Okla. 247, 241 P. 152. A party may not try his case on one theory in the trial court and then change in the Supreme Court and prevail upon another theory and issue not presented to the trial court. Harris v. Spurrier Lbr. Co., 130 Okla. 99, 265 P. 637 ; Kurz v. Stafford, 135 Okla. 121, 274 P. 674. We therefore do not decide the other propositions discussed in the briefs.

At the time the original judgment was rendered, the trial court did not have jurisdiction of the defendants Henrietta Ross, L. R. Ross, or the administrator of the estates of G. G. Ross and Emma Ross. The judgment of the trial court is reversed, with directions to grant appellants a rehearing on their application to be let in to defend.

Reversed and remanded.

The Supreme Court acknowledges the aid of Attorneys Garrett Logan, Whit Y. Mauzy, and Paul B. Mason in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Logan and approved by Mr. Mauzy and Mr. Mason, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.