Roy S. LOWE, Executor of the Will of O. C. Lowe, Deceased, and Roy S. Lowe, as Trustee, Plaintiff in Error,

v.

Wm. BASKETT et al., Defendants in Error.

No. 36842.

Supreme Court of Oklahoma.

May 14, 1957.

Lowe, Lowe & Lowe, Olathe, Kan., Lee Welch, Antlers, for plaintiff in error.

Don Welch, Jr., Ed Dudley, Madill, Joe Stamper, Antlers, for defendants in error.

PER CURIAM.

This action was originally brought by O. C. Lowe, as plaintiff, to quiet title to a tract of land in Pushmataha county. On the death of the original plaintiff, Roy S. Lowe, executor of that decedent's estate, was duly substituted as the party plaintiff and appears as plaintiff in error on appeal from the order of the trial court dismissing the action.

Right of recovery in this action is dependent upon the right of the original plaintiff to cancellation of a judgment entered in the District Court of Pushmataha

county, Oklahoma, on January 20, 1951. In that action Wm. Baskett, a defendant in the present cause, as plaintiff, recovered judgment quieting title to the subject land in him as against the claims of O. C. Lowe, based on a tax deed.

The case at bar was filed as a separate action and in the petition filed in the District Court of Pushmataha county on June 30, 1951, it is alleged that the attempted service of process by publication notice upon Lowe in the previous case was void and the court acquired no jurisdiction over him as defendant in that case. Further allegations of the petition relative to claim of ownership of the property by O. C. Lowe and his right to cancellation of the tax proceedings resulting in the conveyance by tax deed to Wm. Baskett, under his claim of right to a judgment quieting title in himself as against Baskett and other defendants, need not be set out in detail.

The issue on this appeal is whether or not the trial court erred in sustaining the motion of the defendants to dismiss the case on the ground that the court was without jurisdiction by reason of the fact that plaintiff had proceeded by separate action to cancel the judgment rather than in the case in which the judgment was entered.

The allegations of the petition by way of challenge to the jurisdiction of the court in the previous case assert that: O. C. Lowe was at the time Baskett filed his action, a resident of Paola, Kansas; Baskett had resorted to newspaper service of summons and notice of suit; in his affidavit for publication service, and in his affidavit in lieu of mailing notice of suit, plaintiff had stated that he did not know or could not ascertain by due diligence or by any means in his control the whereabouts, residence, post office address or place of business of the defendant, O. C. Lowe, so as to mail a copy of the notice of suit and petition, which statements "were incorrect and untrue"; plaintiff could have, by examination of the land and tax records of Pushmataha county, determined that Lowe lived in Paola, Kansas, and would have

received the notice and copy of the petition if plaintiff had mailed them to that address; if Lowe had received the notice he would have defended the action and would have prevailed by defeating the plaintiff's claim under his defense plead; the affidavits for service were "fatally void and insufficient"; the court was without jurisdiction over Lowe and accordingly the judgment should be vacated and set aside as being "utterly and entirely void."

It was shown by stipulation of the parties that the trial court, in the previous action, had incorporated into the journal entry of judgment a finding and order that the defendant, O. C. Lowe, had been duly and regularly notified of the commencement of the action by publication notice as required by law, and that the service was approved. It was further stipulated that neither a copy of the publication notice or a copy of the petition had been mailed, but that the statutory affidavit in lieu of such mailing was filed.

The motion to dismiss and the action of the trial court in sustaining such motion is based solely upon the ground that the plaintiff, Lowe should have proceeded in the action in which the judgment was entered, and not by separate action.

It is contended, in support of the order of dismissal, that plaintiff's action was a proceeding to vacate a default judgment on grounds specified in the third subdivision of 12 O.S.1951 § 1031, and as such must have been by motion and notice in the same action in which it was entered. The cases of Vinson v. Oklahoma City, 179 Okl. 590, 66 P.2d 933; Woodley v. McKee, 101 Okl. 120, 223 P. 346; Crowther v. Schoonover, 130 Okl. 249, 266 P. 777; Samuels v. Granite Sav. Bank & Trust Co., 150 Okl. 174, 1 P.2d 145, are cited in support of this conclusion. The second paragraph of the syllabus by the court in Vinson v. Oklahoma City, supra, is quoted as expressing the applicable rule. It reads as follows:

"Where service is obtained by publication, and the journal entry of judgment recites that service is proper, the

judgment is not void on its face, and an attack on the ground that there was no mailing of copy of the petition and publication notice or affidavit filed excusing same, as required by section 186, O.S.1931 [12 O.S.1951 § 172], can only be made under the third subdivision of section 556, O.S.1931 [12 O.S.1951 § 1031] and must be made within three years after the rendition of the judgment as provided in section 563, O.S. 1931 [12 O.S.1951 § 1038]."

We had occasion to refer to all the cases relied upon by defendant, except that of Samuels v. Granite Sav. Bank & Trust Co., supra, in Ritchie v. Keeney, 181 Okl. 207, 73 P.2d 397, 400, as expressive of the settled law in this state that:

"* * * where the judgment of a court of general jurisdiction recites that service of summons by publication has been duly and legally made, or has been made by publication as required by law, or similar recitations or findings, a judgment based thereon will not be held void on the face of the judgment roll, and will not be set aside upon motion filed more than three years after the date of the judgment."

In the Samuels case we pointed out that the judgment roll did not show that jurisdictional requirements were not complied with. It only failed to show compliance with jurisdictional requirements and that failure was held to have been corrected by the journal entry of judgment in which the court approved the service.

The situation existing in the cases relied upon required the application of the rules there stated relating to "irregularities in obtaining a judgment or order" under subdivision 3 of 12 O.S.1951 § 1031, which, together with the introductory provision of the statutes reads as follows:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

* * * * * *

"Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order."

The situation existing in the case at bar, as plead by plaintiff in his petition raises a question of different import and involving the rules we have stated to apply in cases where the truth of affidavits made in support of service by publication is challenged. In Richardson v. Howard, 51 Okl. 240, 151 P. 887, wherein the truth of an affidavit in support of publication service was challenged we said in enumerating the required allegations of such affidavits that the diligence asserted must be shown *and be true in fact.* See also Davis v. Rowland, 206 Okl. 257, 242 P.2d 716. We further held in Richardson v. Howard, supra, [51 Okl. 240, 151 P. 889], that:

"If fraud is practiced by a plaintiff in obtaining a judgment in any case, sections 4464, 4466–4471, Stat. 1893 (sections 5267, 5269–5275, Rev. Laws, 1910 [12 O.S. 1951 §§ 1031, 1033–1038, 984]), gives an absolute and unqualified right to vacate the same to a defendant proceeding, and showing a defense, as required by said statute, within two years from the date of such judgment; * * * a defendant therein, who is free from negligence either in the matter of discovering the fraud or in proceeding to obtain relief therefrom, may commence an action for such relief within two years from the time the fraud is discovered under the third subdivision of section 3890, Stat. 1893 (section 4657, Rev. Laws 1910 [12 O.S. 1951 § 95]), as the statutes above cited do not supersede the ordinary equitable rights and remedies in this regard. * * *"

In Murphy v. Walkup, Okl., 258 P.2d 922, the plaintiff brought an action in which attack was made upon a previous judgment in the same court, but in a different action, upon the grounds that the judgment was void for want of jurisdiction as he had no notice of the action, and the judgment

was rendered on purported service by publication evidenced by and based upon a false and fraudulent affidavit to obtain it and a false affidavit to excuse mailing of the publication notice.

We found that the evidence in that case supported the contention made that the purported service by publication was the result of fraudulent plans and action of the plaintiff for the reason that he could readily have ascertained the defendants whereabouts. It being our opinion that the evidence was more than sufficiently undisputed, clear and convincing to justify the conclusion that the purported service by publication was invalid and was the result of false and fraudulent acts and conduct of the plaintiff, it was held to follow that the court's apparent jurisdiction of the defendants was no jurisdiction at all, and its judgment was void.

In Faulkner v. Kirkes, Okl., 276 P.2d 264, 47 A.L.R.2d 418, we held that where testimony indicated plaintiff had, after learning the name of the true owner of land involved in tax proceedings, carefully avoided learning his address from a source known to him, such conduct showed a lack of "reasonable diligence" as required by 68 O.S.1951, § 451, to ascertain the whereabouts of the owner and failed to show that plaintiff could not ascertain defendant's whereabouts "by any means within (his) control", as required by said section and by 12 O.S.1951 § 172, the statute providing for filing affidavit of nonmailing. We said such conduct was tantamount to fraud and was sufficient to vitiate the proceedings leading up to the issuance of the certificate tax deed and the deed itself. As we stated in that case, the situation was analogous to the decision in Murphy v. Walkup, supra.

Title 12 O.S.1951 § 1033, provides as follows:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions four, five, six, seven, eight and nine of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

This statute refers to Sec. 1031, 12 O.S. 1951, the introductory provision thereof providing for the power of district courts to vacate or modify its judgment or order is set out above. The fourth subdivision thereof reads as follows:

"Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order."

We are convinced that plaintiff's petition states sufficient compliance with section 1033 to invoke the jurisdiction of the trial court to hear and determine his rights in accord with the statutes, 12 O.S.1951 §§ 1031–1038. Plaintiff asserts that the affidavits in support of the publication service were untrue. Such is an attack upon the judgment under subdivision four of section 1031. An attack upon a judgment on such ground is in the nature of an independent action and may be instituted in the action in which the judgment sought to be vacated is rendered, or by an independent action. Grayson, v. Stith, 181 Okl. 131, 72 P.2d 820, 114 A.L.R. 276, and cases cited therein.

The error of the trial court in dismissing plaintiff's action solely upon the ground that such action or procedure could only be brought or taken in the case in which the judgment attacked was entered is demonstrated by the cases to which we have referred. This being the only consideration raised for our determination on this appeal, the cause is reversed and remanded with directions to re-instate the cause and for further proceedings in the trial court.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the prep-

aration of this action. After a tentative opinion was written by Commissioner Crawford and approved by Commissioners Reed and Nease, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.