PASCHALL ET AL. *v.* CHRISTIE-STEWART, INC., ET AL.

No. 72–922.   Argued October 16, 1973—Decided November 19, 1973

*William J. Legg* argued the cause and filed briefs for appellants.

*Joe S. Rolston III* argued the cause and filed a brief for appellees.

PER CURIAM.

In this case we noted probable jurisdiction, 411 U. S. 915 (1973), in order to consider whether the published notice provisions of the then-applicable Oklahoma tax-sale statutes, Okla. Stat., Tit. 68, §§ 382 and 432b (1951), comported with due process of law guaranteed by the Fourteenth Amendment.[1]   See *Mullane* v. *Central Han-*

---

[1] The ad valorem taxes in question were for the year 1952. The original tax sale took place in November 1953 and the resale in May 1956. Okla. Stat., Tit. 68, §§ 383 and 432 (1951). The statutes cited (§§ 382, 383, 432, and 432b) were repealed by Okla. Sess. Laws 1965, c. 501, § 3, and replaced by corresponding provisions of the State's present Ad Valorem Tax Code, namely, Okla. Stat. Ann., Tit. 68, §§ 24312, 24313, 24329, and 24331 (1966).

*over Bank & Trust Co.*, 339 U. S. 306 (1950). This was the only issue addressed by the appellate courts of Oklahoma [2] and by the parties in the Jurisdictional Statement and the papers responsive thereto filed with this Court.

After oral argument and upon our review of the record, it now appears that there might have been an independent and, possibly, an unchallenged ground for the judgment of the state trial court, *viz.*, the running of the Oklahoma period of limitation for adverse claims.[3] If

---

[2] See 502 P. 2d 1265 (1972). The earlier opinion of the Oklahoma Court of Appeals, Division 2, is not reported; it is reproduced in the Jurisdictional Statement, App. A, p. vii.

[3] The trial court's judgment read in part as follows:

"(2) The Court Further Finds, Orders, Adjudges and Decrees that from the date of the recording of said resale tax deed, on June 6, 1956 . . . said Grantees therein, the Cross-Petitioners, R. W. Garrett and R. H. Vaughn, have been in the open, continuous, visible, notorious, exclusive and hostile possession of said lands and premises, receiving all of the rents, profits and income therefrom, and that said contesting substituted party defendants, are further forever barred and precluded by the statute of limitations, from seeking to assert the invalidity of said resale tax deed, as provided by 12 O. S. 1961, Sec. 93 (3) and (6)." Jurisdictional Statement, App. B, p. xvii.

Okla. Stat. Ann., Tit. 12, § 93 (Supp. 1973–1974), reads:

§ 93. Limitation of real actions.—"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter:

"(3) An action for the recovery of real property sold for taxes, within five (5) years after the date of the recording of the tax deed . . . provided, nothing herein shall be construed as reviving any cause of action for recovery of real property heretofore barred nor as divesting any interest acquired by adverse possession prior to the effective date hereof.

"(6) Numbered paragraphs 1, 2, and 3 shall be fully operative regardless of whether the deed or judgment or the precedent ·action

that should prove to be the case, any decision by this Court would be advisory and beyond our jurisdiction. *Murdock* v. *City of Memphis*, 20 Wall. 590, 636 (1875).

The judgment of the Supreme Court of Oklahoma is therefore vacated and the case is remanded to that court to consider whether the appellants preserved the right to challenge the trial court's determination that the State's statute of limitations is a bar to their mineral rights claim, and, if so, whether, under state law, the statute of limitations independently bars appellants' claim, irrespective of the constitutional adequacy of the tax-sale notice provisions of §§ 382 and 432b.[4]  Cf. *Walker* v. *Hoffman*, 405 P. 2d 57 (Okla. 1965).

*It is so ordered.*

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE STEWART concurs, dissenting.

Appellants claim title to the mineral interests here in controversy through deeds recording the severed interests on the books of the Seminole County Clerk in 1926 and 1930.  In 1952 the owner of the separate surface interest failed to pay ad valorem taxes and the county satisfied its tax claim by selling the entire fee to the appellees after "notice" through newspaper publication.  The tax-sale statutes did not require that notice be given to the mineral owners by way of personal service, mailing, or

---

or proceeding upon which such deed or judgment is based is void or voidable in whole or in part, for any reason, jurisdictional or otherwise; provided that this paragraph shall not be applied so as to bar causes of action which have heretofore accrued, until the expiration of one (1) year from and after its effective date."

[4] Whether the alleged lack of constitutionally valid notice would preclude the running of the statute of limitations for an adverse land claim is a question that has not been presented to this Court or to the Oklahoma courts below.  Cf. *Shroeder* v. *City of New York*, 371 U. S. 208, 213–214 (1962).  We intimate no view on this issue.

posting, and no such notice was attempted. In an action to quiet title appellants contended that, as record owners of the mineral rights, they were never given constitutionally sufficient notice of the tax delinquency proceedings and as to them the proceedings were invalid. See *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U. S. 306 (1950).

The trial court, finding the tax-sale proceedings valid and finding appellants' attack on the tax-sale deed barred by the statute of limitations, quieted title in appellees. The Oklahoma Court of Appeals reversed that judgment but was itself reversed by the Oklahoma Supreme Court, each court addressing itself expressly only to the constitutional claim. The Court today remands the case to determine whether appellants adequately preserved the right to challenge the adverse trial court ruling on the statute of limitations issue and whether this may serve as an independent bar to the assertion of their claim.

It should first be noted that proper preservation of this issue in the state courts is a hurdle facing not the appellants but the appellees. The Oklahoma Court of Appeals quieted title in appellants and thus must necessarily have found, not only that the tax sale was constitutionally infirm, but also that the appellants' claim was not time barred. The Oklahoma Supreme Court reversed that judgment and affirmed the judgment of the trial court after finding that "[t]he question for decision is whether the Oklahoma statutory procedure . . . complies with . . . due process of law." 502 P. 2d 1265, 1266 (1972) (emphasis added). Whether appellees adequately raised the statute of limitations ground in objecting to the Court of Appeals judgment, we do not know. What we do know is that the Oklahoma Supreme Court quieted title in appellees by rejecting appellants' constitutional claim. Either because the issue was not

properly before the court or because decision on it was not necessary, the statute of limitations issue was not reached.

What faces this Court is thus a decision quieting title in appellees by rejecting appellants' federal constitutional claim. As the majority notes, this was the only issue addressed by the parties in the Jurisdictional Statement and the responsive papers filed with this Court. When a constitutional adjudication is not the only basis on which a state court judgment rests, a review of that adjudication by this Court would be advisory since the judgment would rest on its independent grounds regardless of the outcome of our review. But the only issue before us in this case is a constitutional one since the only basis for the reversal below is the rejection of appellants' constitutional claim. When a decision rests only on a constitutional determination, a review of that determination is dispositive of the correctness of the decision and is thus not advisory. I would therefore face the constitutional claim at this point.