* **CHRISTIE–STEWART, INC.,**
a corporation,

v.

**Walter B. PASCHALL, Jr., et al.,**
**Appellants,**
and
**R. H. Vaughn et al., Appellees.**

**No. 43907.**

Supreme Court of Oklahoma.

Nov. 5, 1974.

Rehearing Denied Jan. 13, 1976.

William J. Legg, of Andrews, Mosburg, Davis, Elam, Legg & Bixler, Oklahoma City, for appellants.

Joe S. Rolston III, of Elliott, Woodard, Rolston & Kelley, Oklahoma City, for appellees.

DOOLIN, Justice.

We have been requested by remand from the U. S. Supreme Court in *Paschall v. Christie-Stewart, Inc.*, 415 U.S. 100, 94 S. Ct. 313, 38 L.Ed.2d 298, to decide:

". . . whether the appellants preserved the right to challenge the trial court's determination that the State's (Oklahoma's) statute of limitations [1] is a bar to their mineral rights claim, and, if

---

* Christie-Stewart, Inc., has taken no part in these proceedings.

1. 12 O.S.1961 § 93 reads in part:
"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter;
\* \* \* \* \*
(3) An action for the recovery of real property sold for taxes, within five (5) years after the date of the recording of the tax deed.
\* \* \* \* \*

so, whether, under state law, the statute of limitations independently bars appellants' claim, irrespective of the constitutional adequacy of the tax-sale notice provisions of §§ 382 and 432(b) [2]." (parenthetical phrase supplied)

We answer the first question in the negative, and having so answered, believe it unnecessary to respond to the second inquiry.

For the purposes of this opinion we condense the fact situation as follows.[3] Appellants (Paschall, et al.) were the previous record title holders to an undivided and undeveloped 15/16 mineral estate in and under certain real premises in Seminole County, Oklahoma. The surface owners failed to pay the 1952, 1953, 1954, and 1955 ad valorem taxes and consequently the premises were sold, by original tax sale in 1953 and by resale tax sale in 1956. The county treasurer issued a resale tax deed to the Appellees (Vaughn and Garrett) who thereafter claimed fee simple title. In 1963 Christie-Stewart, Inc. took an oil and gas lease from both the Appellants and the Appellees and in 1965 a producing well was drilled on the premises. Runs are held in suspense since discovery by the Lessee. Immediately after discovery, Christie-Stewart, Inc. brought a quiet title action against both the Appellants and the Appellees and also sought determination of the ownership of the minerals. The trial court determined: (1) under 12 O.S.1961 § 93(3) and (6) that the five-year statute of limitations had run against the Appellants; (2) that the resale tax deed was validly issued under 68 O.S.1961 § 432 and existing tax sale procedures.

(6) Numbered paragraphs 1, 2, and 3 shall be fully operative regardless of whether the deed or judgment or the precedent action or proceeding upon which such deed or judgment is based is void or voidable in whole or in part, for any reason, jurisdictional or otherwise; provided that this paragraph shall not be applied so as to bar causes of action which have heretofore accrued, until the expiration of one (1) year from and after its effective date."

We further quote from the U.S. Supreme Court footnote 4 of *Paschall v. Christie-Stewart, Inc.,* supra:

"Whether the alleged lack of constitutionally valid notice would preclude the running of the statute of limitations for an adverse land claim is a question that has not been presented to this Court or to the Oklahoma courts below. Cf. *Schroeder v. City of New York,* 371 U.S. 208, 213–214, 83 S.Ct. 279, 282, 283, 9 L.Ed.2d 255, 259, 260 [89 A.L.R.2d 1398] (1962). We intimate no view on this issue."

We likewise express no opinion on this issue.

On appeal from the trial court's decision, the Court of Appeals, Division 2, reversed the trial court and held the tax sale procedures deficient under *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Upon certiorari to this Court we reversed the Court of Appeals and sustained the trial court's ruling. Thereafter on appeal to the U.S. Supreme Court, our judgment was vacated and the cause remanded as aforesaid.

We note at this point that the Appellant, although he included in his Petition in Error an attack upon the judgment of the trial court as to adverse possession under 12 O.S.1951 § 93(3) and (6), failed to advance said point or argue same in this Court or in the U.S. Supreme Court. Having failed to argue the possession question, it is waived; for we held in *Hayward v. Ginn,* 306 P.2d 320, 322 (Okl., 1957):

"Only those questions argued in the briefs are treated in this opinion, the others noted on the petition in error

2. 68 O.S.1951 §§ 382 and 432b; see 68 O. S.1971 §§ 24331 and 24312 as amended by S.B. No. 616, 34th Legislature, 1974 Oklahoma Session Laws, 34th Legislature, Second Regular Session, pg. 169.

3. For a complete discussion of the facts and background see *Christie-Stewart, Inc. v. Paschall,* 502 P.2d 1265 (Okl.1972). Cf. *Walker v. Hoffman,* 405 P.2d 57 (Okl., 1965).

being deemed waived. *Chicago, Rock Island & Pacific Ry. Co. v. State,* 203 Okl. 659, 225 P.2d 363. . . ."

In *Chancellor v. Chancellor,* 202 Okl. 389, 214 P.2d 261 (1950), we held:

"Assignments of alleged error not presented in the briefs will be treated as abandoned."

See also *Stinson v. Sherman,* 405 P.2d 172 (1965); *Harrington v. City of Tulsa,* 120 Okl. 20, 39 P.2d 120 (1934); *Ry. Express Agency v. Stephens,* 183 Okl. 615, 83 P.2d 858 (1938); *Klaus v. Fleming,* 304 P.2d 990 (1956).

Since the judgment of this Court in *Christie-Stewart, Inc. v. Paschall,* 502 P.2d 1265 (Okl., 1972) has been vacated by *Paschall v. Christie-Stewart, Inc.,* 414 U.S. 100, 94 S.Ct. 313, 38 L.Ed.2d 298, this Court does now reverse the judgment of the Court of Appeals, Division 2 (Oklahoma) and affirms the judgment of the trial court for the reasons hereinabove stated.

Court of appeals, Division 2, reversed; trial court affirmed.

All Justices concur.