**Veta Pearl BARTON and Sun Oil Company (Delaware), a corporation, Appellees,**

v.

**ALPINE INVESTMENTS, INC., a corporation, Appellant.**

No. 50720.

Supreme Court of Oklahoma.

May 22, 1979.

As Corrected on Denial of Rehearing July 9, 1979.

---

Newell E. Wright, Jr., Perryman, Smith & Wright, Cheyenne, for appellee Veta Pearl Barton.

C. Harold Thweatt, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellee, Sun Oil Co. (Delaware).

Royse & Meacham, Elk City, and Houston & Klein, Inc., Tulsa, for appellant.

DOOLIN, Justice:

This lawsuit involves a quarter section of land in Roger Mills County, Oklahoma. In the year 1926, the Taylors (owner) conveyed all the mineral rights under this property to Union Royalty Company (Union). In 1931 Union conveyed forty (40) of these 160 mineral acres to Pan Mutual Royalties. Ownership of the remaining 120 mineral acres is the subject of this dispute.

Deraignment of title to the minerals takes two separate directions. The first, through which plaintiff claims title, is as follows. In 1947, owner filed an action in Roger Mills County District Court seeking to reform the 1926 deed to Union from an absolute alienation to a twenty year term and to quiet her title in the minerals. Service by publication was had on an affidavit filed pursuant to 12 O.S.1941 § 171 and that place of business was unknown pursuant to § 172. Owner took a default judgment against Union, the grantee under the deed. Union received no notice of the action or of the judgment rendered. Soon thereafter owner conveyed the entire quarter section to plaintiff's predecessor in interest reserving no minerals.

In the other deraignment of title, Union apparently unaware of the 1947 default judgment, conveyed its remaining 120 acres by mineral deed to Alpine Investment Company (Alpine), appellant herein.

In the process of mineral leasing by plaintiff, the default judgment was discovered. Production payments to plaintiff were suspended after a lessee learned of Alpine's claim of interest. Alpine refused to acknowledge that the 1947 judgment had any effect on its title. This suit followed.

Plaintiff alleged her title emanated from the patent through the 1947 default judgment. In defense, Alpine sought to vacate the 1947 judgment claiming it was void, and thus subject to collateral attack, because the trustees of Union had no notice of the action or of the judgment against it. It asserts the judgment is void on its face in that service by publication is not proper when a defendant's address or his whereabouts is known. Alpine points to a Blackwell address on the 1926 deed. This address, it claims, is inconsistent with the publication affidavit stating defendant's last known address was unknown.

The trial court found the trustees of Union were indeed in Blackwell at the time of the default judgment; the 1926 deed showed their address on its face. It also concluded the deed conveyed a fee title to Union. It held the 1947 default judgment

quieting title in owner was regular and that no defects appeared on the face of the judgment roll; thus it was not void and not subject to Alpine's collateral attack. It quieted title to the disputed 120 mineral acres in plaintiff.[1] Alpine appeals.

On appeal Alpine urges the trial court erred in finding the 1947 judgment was not void on its face. Alpine submits the address of Union on the deed, being inconsistent with the publication affidavit, voids the judgment. We do not agree.

■ This proceeding to vacate the 1947 judgment was not instituted within three years as provided for in 12 O.S.1971 §§ 176, 1031, 1038.[2] Alpine seeks to vacate the judgment under the provision in § 1038 that "(a) void judgment may be vacated at any time, on motion of a party, or any person affected thereby". A judgment is not void in the legal sense for want of jurisdiction unless the lack of jurisdiction appears in the record.[3] We do not deny Alpine's argument that service by publication in itself is not sufficient notice to satisfy due process with respect to persons directly affected by the proceedings whose names and addresses are known or very easily ascertainable.[4] But to create a void decree on these grounds such inadequacy must appear from the face of the judgment roll.

■ If an affidavit for service by publication does not comply with the requirements of statute, the trial court obtains no jurisdiction over the person of the defendant and the judgment as to him is void.[5] Here the 1947 affidavit for publication service recites the statutory requirements of

due diligence and appears regular on its face. The controversy thus centers on whether the presence of Union's address on the deed sought to be reformed negates the allegations of due diligence set forth in the affidavit. See *Bomford v. Socony Mobil Oil Co., 440 P.2d 713 (Okl.1968).* Could the trial court determine by an inspection of the record, which necessarily must include the deed which is sought to be reformed, that service by publication was improper?[6] We hold trial court was correct in determining that it could not.

■ Defects, such as anticipated by decisions holding service by publication improper, are those which readily show from an examination of the record without resort to extrinsic evidence. For example in *Farmers' Union Cooperative Royalty Company v. Woodward, 515 P.2d 1381 (Okl.1973),* this court held a default judgment was defective on the face of the judgment roll because domestic defendant corporation was served by publication rather than on a registered service agent. The court vacated the judgment as void.

In *Woodley v. McKee, 101 Okl. 120, 223 P. 346 (1924),* a motion to vacate a judgment procured on service by publication was filed arguing copies of the publication notice and petition were not mailed to defendant within six days after the first publication although his address was known. Defendant claimed the failure to file an affidavit made the judgment void. This court held the judgment was not void on its face *because the trial court affirmatively found the ser-*

---

1. The forty mineral acres conveyed to Pan Mutual Royalties by Union were not affected because Pan Mutual was not a party to the 1947 default judgment. Trial court quieted its title in the 40 acres; no appeal was made.

2. Cases cited by Alpine wherein a judgment was set aside within the § 176 three year period for opening default judgments on service by publication are not applicable. See *Eudaly v. Superior Oil Co.,* 270 P.2d 335 (Okl.1954); *Johnson v. McDaniel,* 569 P.2d 977 (Okl.1977).

3. *Woodley v. McKee,* 101 Okl. 120, 223 P. 346 (1924); *Farmers' Union Co-operative Royalty*

*Company v. Woodward,* 515 P.2d 1381 (Okl. 1973).

4. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Schroeder v. City of New York,* 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962); *Ross v. Thompson,* 174 Okl. 183, 50 P.2d 385 (1935); *Bomford v. Socony Mobil Oil,* 440 P.2d 713 (Okl.1968).

5. *Faulkner v. Kirkes,* 276 P.2d 264 (Okl.1954).

6. *Kolp v. State Commissioners of Land Office,* 312 P.2d 483 (Okl.1957).

*vice by publication was legally and duly made.*[7]

■ We believe the principles espoused in *Woodley* are still sound. The affidavit in the 1947 default judgment conformed to the statutes and was valid on its face. The trial court found service by publication was legally and duly made. We will not go behind this finding and consider sufficiency of the evidence of due diligence.

■ Where service is obtained by publication and the journal entry of judgment recites that publication service is proper, the judgment is not void on its face. Any attack on the ground there was no mailing of copy of petition and publication notice to a last known address must be made within the statutory three years set out at 12 O.S. 1941 § 1038 after rendition of the judgment.[8]

AFFIRMED.

LAVENDER, C. J., and WILLIAMS, SIMMS and HARGRAVE, JJ., concur.

IRWIN, V. C. J., HODGES and OPALA, JJ., concur in result.

BARNES, J., dissents.

OPALA, Justice, concurring in result:

The dispositive question to be answered here is whether the 1947 reformation-of-deed default judgment on publication service alone, entered in Roger Mills County, is void on the face of the record proper [roll]

as that term is defined in 12 O.S.1971 § 704.[1] If our answer be in the affirmative, the judgment was subject to a collateral attack in the suit under review since a facially void judgment may be set aside at any time.[2] In case of our negative answer, appellant [Alpine] no longer can avoid the judgment's binding force as the limitations period had run.[3]

Alpine attributes fatal defect in the judgment roll to the fact that the 1926 deed—the subject-matter of the 1947 reformation suit—bore on both sides of the instrument the mailing address of the defendant therein, Union Royalty Company, a trust, [Union]. This, Alpine asserts, contradicts, on the very face of the judgment roll, the allegations in the non-mailing affidavit to the effect that plaintiff was unable with due diligence to ascertain Union trustees' whereabouts for the purpose of serving them with process. In short, Alpine urges that serving Union [via its trustees] by publication alone was "facially" violative of due process.[4]

Alpine overlooks that the 1926 deed in question was not attached to the petition. Its incorporation into the petition was sought by means of reference to the place [book and page] where it appeared in the county deed records. Before the enactment of 12 O.S.1971 § 305.1,[5] in 1953, a recorded instrument could not be incorporated into a pleading by means of mere reference and without physical annexation thereto.[6]

**7.** Although action was brought within statutory time provided for setting aside judgments obtained on service by publication, decision was based on whether judgment was void outside of the statute. *Ross v. Thompson,* supra, n. 4.

**8.** *Lowe v. Baskett,* 311 P.2d 219 (Okl.1957). Also see *Bomford v. Socony Mobil Oil Co.,* supra, n. 4. Procedural requirements contained therein were made prospective only.

**1.** Recodified as 12 O.S.Supp.1972 § 32.1.

**2.** 12 O.S.1971 § 1038.

**3.** *Scoufos v. Fuller,* Okl., 280 P.2d 720 [1955].

**4.** *Myers v. Purdy,* 108 Okl. 147, 234 P. 638 [1925]; *Ross v. Thompson,* 174 Okl. 183, 50 P.2d 385 [1935]; *Bomford v. Socony Mobil Oil*

*Co.,* Okl., 440 P.2d 713 [1968]; see also, *Schroeder v. City of New York,* 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed. 255 [1962].

**5.** It is provided by the cited statute as follows: "From and after the passage of this Act in all civil cases whereby it is necessary to incorporate, in the pleadings, facts concerning instruments of record affecting real estate, that such incorporation may be made by reference to the date of such instrument, and the book and page number where recorded in lieu of affixing a copy of the same to such pleadings."

**6.** Incorporation into a pleading by means other than physical annexation thereto is alien to the common law. Absent a statute, no paper or record can be incorporated into a pleading by mere reference to it. In short, mere reference to an instrument, followed by a statement of its

Because the 1926 deed in question cannot be considered part of the judgment roll in the 1947 reformation suit, the judgment therein is impervious to a collateral attack.

Since Alpine does not assert that our time limitations on attacking and vacating judgments void in fact but not void facially violate due process—state or federal—that issue need not be reached here.[7]

I concur in result for reasons substantially different from those which form the underpinning for the court's decision.

I am authorized to state that IRWIN, V. C. J., and WILLIAMS, J., concur in these views.

incorporation into a pleading, is not sufficient to make it part of that pleading without physically annexing the original or copy. *Sidlo, Simmons, Day & Co. v. Phillips*, 48 Wyo. 390, 49 P.2d 243, 244 [1935].

A petition, unless timely challenged by motion, is deemed sufficient even though it does not have conveyances attached thereto. *Hurst v. Hannah*, 107 Okl. 3, 229 P. 163, 166 [1924]. Neither is absence of such physical attachments fatal to the validity of the judgment roll. *Fibikowski v. Fibikowski*, 185 Okl. 520, 94 P.2d 921, 926 [1939].

7. The question was raised but not answered in *Paschall v. Christie-Stewart, Inc.*, 414 U.S. 100, 102, 94 S.Ct. 313, 315, 38 L.Ed.2d 298 [1974]. Nor was it necessary to reach it in *Christie-Stewart, Inc. v. Paschall*, Okl., 544 P.2d 505, 506 [1976]. For a federal view of how due process may affect state-imposed limitations see *Chase Securities Corporation v. Donaldson*, 325 U.S. 304, 311, 65 S.Ct. 1137, 1141, 89 L.Ed. 1628 [1945].